IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICK PATTERSON CUSTOM HOMES, INC., et al. | ) <br> ) <br> ) |
| Plaintiff, | ) Case No. 07 C 7204 <br> ) |
| v. | ) Judge George M. Marovich <br> ) |
| KATHLEEN M. BACH | ) Magistrate Judge Denlow <br> ) |
| Defendant. | ) |

### DEFENDANT'S MOTION TO DISMISS

NOW COMES the Defendant, KATHLEEN M. BACH (hereinafter "Bach"), by and through her attorneys, MATUSZEWICH, KELLY & MCKEEVER, LLP, and as and for her Motion to Dismiss the Complaint of Patrick Patterson Custom Homes, et al. (hereinafter "Plaintiffs") pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 8, states the following:

#### I. INTRODUCTION

Plaintiffs have filed a three count Complaint against Kathleen Bach. The Complaint stems from a business relationship where Bach was employed by Patrick Patterson Custom Homes, Inc. Patrick Patterson, one of the Plaintiffs is President of Patrick Patterson Custom Homes, Inc. and Patrick Patterson Development, Inc. Alicia Patterson, one of the Plaintiffs, is the wife of Patrick Patterson. Plaintiff's allegations against the Defendants are for: (1) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; (2) common law fraud; and (3) breach of duty of loyalty. The Defendant now files this Motion seeking dismissal of all Counts of the Complaint due to various defects contained therein.

## II. ARGUMENT

### A. STANDARD OF REVIEW

The purpose of a Motion to Dismiss based on Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the Complaint. *Johnson v Rivera*, 272 F.3d 519, 520-21 (7th Cir. 2001). The Court must accept all factual allegations in the Complaint as true when evaluating whether to grant a Motion to Dismiss based on Rule 12(b)(6). *Jang v A.M. Miller & Assocs.*, 122 F. 3d 480, 483 (7th Cir. 1997). If "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," the Motion to Dismiss should be granted. *Hishon v King & Spaulding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984).

A Motion to Dismiss based on Federal Rule of Civil Procedure 12(b)(1) is used to dismiss claims over which a federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon a federal court. *In re Chicago, Rock Island & Pac. R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir.1986). The plaintiff bears the burden of establishing that the jurisdictional requirements have been met. *Kontos v United States Dep't of Labor*, 826 F.2d 573, 576 (7th Cir.1987). When a defendant moves for dismissal pursuant to Rule 12(b)(1) the plaintiff must support its allegations with competent proof of jurisdictional facts. *Thomson v Gaskillwsa*, 315 U.S. 442, 446 (1942).

### B. COUNT I

### 1. INTRODUCTION

Count I of Plaintiff's Complaint must be dismissed pursuant to Rule 12(b)(6) because even if the Court takes all the facts alleged as true, Plaintiffs have failed to state facts that would allow relief under 18 U.S.C. § 1030(g). Although the Computer Fraud and Abuse Act (hereinafter "CFAA") is more commonly considered a criminal statute, §1030(g) provides for a civil right of action. *Hasan v Foley & Lardner, LLP,* 2007 WL 2225831, at 4 (N.D. Ill. July 26, 2007). In order to maintain a civil action under the CFAA, a complainant is required allege conduct that "involves 1 of the factors set forth in clause (i), (ii), (iii), (iv) or (v) of subsection (a)(5)(B)." 18 U.S.C. § 1030(g). Subsection (a)(5)(B) provides that the conduct of a violator of the CFAA must cause:

> **(i)** loss to 1 or more persons during any 1-year period (and, for purposes of an investigation, prosecution, or other proceeding brought by the United States only, loss resulting from a related course of conduct affecting 1 or more other protected computers) aggregating at least $5,000 in value;
>
> **(ii)** the modification or impairment, or potential modification or impairment, of the medical examination, diagnosis, treatment, or care of 1 or more individuals;
>
> **(iii)** physical injury to any person;
>
> **(iv)** a threat to public health or safety; or
>
> **(v)** damage affecting a computer system used by or for a government entity in furtherance of the administration of justice, national defense, or national security.

Subsection (a)(5)(B) lists the five harms that must be alleged in order to maintain a civil action under the CFAA, but the actions that give rise to the harms listed in

the subsection are enumerated in subsections (a)(1), (a)(2), (a)(3), (a)(4) and (a)(5)(A). 18 U.S.C. § 1030(a)(1) through (a)(5)(A), *see also Charles Schwab & Co. v Carter*, 2005 WL 351929, at 3 (N.D. Ill. Feb. 11, 2005)(hereinafter "*Schwab I*"). Plaintiff has failed to state which section Bach has violated, so each section will be addressed.

### 2.   STATUTORY INTERPRETATION

The Plaintiffs have failed to state any facts that, even if construed as true, could prove Bach violated the CFAA. In *Schwab I*, the court found that the language of the CFAA was unambiguous. *Schwab I, supra,* at 3. According to the *Schwab* court, "the cardinal rule of statutory interpretation is that courts must first look to the language of the statute and assume that its plain meaning accurately expresses the legislative purpose." *Id., citing United State v Miscellaneous Firearms, Explosives, Destructive Devices and Ammunitions*, 376 F.3d 709, 712 (7th Cir. 2004). The *Schwab* court further noted that "[w]here the meaning of a statute is unambiguous, our sole task is to apply it straightforwardly to the facts at issue without reference to legislative history or other devise." *Schwab I, supra*, at 3, *citing United States v Jones*, 372 F.3d 910, 913 (7th Cir. 2004). The meaning of the language in the CFAA is unambiguous when applied to the case at bar.

### 3.   ACCESS TO A PROTECTED COMPUTER

In order to show that a person violated the CFAA a plaintiff must state facts that prove the person damaged a "protected computer." *Kathrein v McGrath*, 2006 WL 287433, at 5 (C.A. Ill. Feb. 7, 2006). A "protected computer" is defined as a computer used "exclusively for the use of a financial institution or

the United States Government," and is further defined as a computer used "in interstate or foreign commerce or communication." 18 U.S.C. § 1030 (e)(2)(A) & (B). Plaintiffs have alleged no facts that prove Bach accessed a protected computer.

### a. Subsections (a)(2)(C), (a)(4) and (a)(5)(i)-(iii)

Subsections (a)(2)(C), (a)(4), (a)(5)(i), (a)(5)(ii), and (a)(5)(iii) specifically enumerate the requirement that a plaintiff allege a defendant accessed a "protected computer" to maintain a cause of action under the CFAA. 18 U.S.C. § 1030 (a)(2)(C), (a)(4) and (a)(5)(i)-(iii). The Plaintiffs have failed to allege that the computer Bach was permitted to access was used exclusively by a financial institution. See Defendant's Motion to Dismiss, *infra,* at II(B)(3)(b). Further, the Plaintiffs have failed to allege that the computer Bach was permitted to access a computer used in interstate or foreign commerce or communication. See Defendant's Motion to Dismiss, *infra,* at II(B)(3)(c). Plaintiffs have failed to allege that the computer Bach was permitted to access was used by the United States Government. See Defendant's Motion to Dismiss, *infra,* at II(B)(3)(d). Based on the definitions provided within the CFAA, the Plaintiffs have failed to allege any facts that could prove Bach violated 18 U.S.C. § 1030.

### b. Subsection (a)(2)(A)

Subsection (a)(2)(A) states that a violation of the CFAA occurs when a person intentionally accesses information "contained in a financial record of a financial institution," without authorization or by exceeding their authorized access. 18 U.S.C. § 1030(a)(2)(A). The Plaintiffs have failed to allege that the

computer to which Bach was granted access belonged to a financial institution and they have failed to allege Bach was able to access financial records.

In another *Schwab* case, the court found that to state a cause of action which alleges a party acted in violation of CFAA subsection 1030(a)(2)(A), the Plaintiff must allege that the liable party accessed a "financial record" from a "financial institution." *Charles Schwab & Co., Inc. v Carter,* 2005 WL 2369815, at 7 (N.D. Ill. Sept. 27, 2005) (hereinafter "Schwab II"). A "financial institution," according to the CFAA, includes institutions such as the Federal Reserve, a credit union, loan depositories, broker-dealers, and branches of foreign banks. 18 U.S.C. §1030(e)(4)(A) through (I). Plaintiffs merely allege that Bach was granted access to a computer belonging to a "construction business," which was operated out of Patrick and Alicia Patterson's home. Complaint ¶ 8, pg. 2. The Plaintiffs have failed to state facts that allege they are a financial institution, and therefore, they have not alleged sufficient facts to allege Bach violated subsection (a)(2)(A) of the CFAA.

Moreover, the Plaintiffs have failed to state any facts alleging Bach accessed financial records. Financial records are defined within the CFAA as "information derived from any record held by a financial institution pertaining to a customer's relationship with the financial institution." 18 U.S.C. §1030(e)(5). The Plaintiff's allege that Bach accessed computer files that "would allow Plaintiffs to properly track their finances." Complaint ¶ 27, pg. 6. Yet, there are no allegations contained within the Complaint that allege these records maintained on the Plaintiffs computer were derived from a record held by a financial institution.

Further, there are no allegations Bach accessed records that pertain to a financial institution's relationship with the Plaintiffs. Again, Plaintiffs have failed to allege facts that sustain a cause of action for violations of the CFAA based on subsection (a)(2)(A).

### c.     Subsection (a)(2)(C)

Plaintiffs have failed to state facts, even if all facts contained in the Complaint are construed as true, that could prove Bach violated section (a)(2)(C). In *Schwab II,* the court found that to maintain a cause of action under CFAA subsection (a)(2)(C), a plaintiff must alleged facts that show that the liable party's actions involved interstate or foreign communications. *Schwab II, supra,* at 8. This requirement is plainly enumerated in section (a)(2)(C), which states that the alleged conduct of the violator involve "an interstate or foreign communication." 18 U.S.C. § 1030(a)(2)(C). Similarly, the finding was reiterated in *C.H. Robinson Worldwide, Inc. v Command Transportation LLC,* where the court held that accessing an interstate computer network involved interstate commerce. *C.H. Robinson Worldwide, Inc. v Command Transportation LLC,* 2005 WL 3077998, at 4 (N. D. Ill. Nov. 16, 2005). In this case, Plaintiffs have stated only that Bach accessed a computer in their home, in Libertyville Illinois, that was related to their construction business. Complaint ¶ 8, pg. 2. Further, they state that both of the Plaintiff corporations are organized in Illinois with their principal places of business in Illinois. Complaint ¶¶ 1-2, pg. 1. The Plaintiffs have failed to allege any facts that the conduct of Bach involved interstate or foreign communications.

### d.    Subsections (a)(1), (a)(2)(B) and (a)(3)

The language in subsection (a)(1) of the CFAA indicates that a violation of the Act occurs when a person obtains information through a computer "that has been determined by the United States Government pursuant to Executive order or statute to require protection against unauthorized disclosure for reasons of national defense or foreign relations..." 18 U.S.C. § 1030(a)(1). The Plaintiffs have alleged no facts that the Bach accessed information that is protected by an Executive order or statute, and the Plaintiffs have alleged no facts that the Bach accessed information that is a threat to national defense or foreign relations. Thus, where all facts in the Complaint are taken as true, the Plaintiffs have failed to allege facts that Bach violated 18 U.S.C. § 1030(a)(1).

Moreover, sections (a)(2)(B) and (a)(3) require that an alleged liable party access a computer belonging to a department or agency of the United States. 18 U.S.C. § 1030(a)(2)(B) and (a)(3). Plaintiffs stated they are a "construction business," and have failed to state any facts that would link the construction business to a department or agency of the United States. Thus, Plaintiffs have failed to state facts that could prove Bach violated sections (a)(2)(B) and (a)(3).

### 4.    LOSS

Plaintiffs have failed to allege they have suffered losses to maintain a claim for relief for violation of the CFAA. In order to maintain a claim for relief under the CFAA, a plaintiff must state they have suffered one of the five losses in subsection (a)(5)(B). See Defendant's Motion to Dismiss, *supra,* at (II)(B)(1). Loss is defined as the "cost of investigating or remedying damage to a computer,

or a cost incurred because the computer's service was interrupted." *Hasan, supra,* at 5, *citing Nexans Wires S.A. v Sark-USA, Inc.,* 319 F. Supp. 2d 468, 475 (S.D.N.Y. 2004). The costs referred to must be related to the computer system itself. *Id.* The Supreme Court recently clarified a claim for relief that properly pleads loss and stated that a plaintiff must "provide the 'grounds' of his 'entitle[ment] to relief' [with] more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Garelli Wong & Associates, Inc. v Nichols,* 2008 WL 161790, at 7 (N.D. Ill. 2008), *citing Bell Atlantic Corp. v Twombly,* 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). In this case, Plaintiffs merely recite the requirements listed in subsection (a)(5)(B)(i) of the CFAA. Complaint ¶ 25, pg. 6. Plaintiffs also state losses that are not related to a computer system, i.e. "retaining an accountant." *Id.* Thus, Plaintiffs have failed to specify with sufficient particularity the bases upon which they bring their claim for relief under the CFAA, and this Complaint should be dismissed.

### C.  SUBJECT MATTER JURISDICTION

Since the Plaintiffs have failed to allege facts that could prove the Bach violated 18 U.S.C. § 1030, the Plaintiffs have failed to state a claim that would confer subject matter jurisdiction on a federal over Counts II and III. The Plaintiff bears the burden of stating facts that show a federal court should exercise subject matter jurisdiction. *Garelli Wong & Associates, Inc. v Nichols,* 2008 WL 161790, at 4 (N.D. Ill. Jan. 16, 2008), *citing Kontos, supra.* Yet, if Count I is dismissed, the Plaintiff has only alleged the federal courts have supplemental jurisdiction over the second two Counts. Complaint ¶ 6, pg. 2. The Court should

not continue to exercise jurisdiction over the matter because "the general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pending state-law claims rather then resolving them on their merits." *Kennedy v. Schoenberg, Fisher & Newman, Ltd.,* 140 F.3d 716, 727 (7th Cir. 1998). . Plaintiffs in this case have stated facts no facts that would confer continuing subject matter jurisdiction on a federal court if the federal law count based on federal law is dismissed. Complaint ¶ 6, pg. 2. Therefore, since Count I fails and should be dismissed, and no facts have been alleged that show this court should continue to exercise subject matter jurisdiction over Counts I and II, the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

### D.  COUNT II

#### 1.  SEPARATE LEGAL THEORIES

Count II of Plaintiffs complaint should be stricken for failing to comply with Federal Rule of Civil Procedure 10(b). Although multiple claims may arise from a single transaction or occurrence, pursuant to Federal Rule of Civil Procedure 10(b), claims based on separate legal theories must be stated in separate counts.  *See Selep v City of Chicago,* 842 F. Supp. 1068 (N.D. Ill. 1993) (false arrest and conspiracy to make false arrest should be stated separately; false imprisonment and conspiracy to subject to false imprisonment should be stated separately). Specifically, section 10(b) states, "If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense." FRCP 10(b).

Illinois recognizes multiple causes of action for common law fraud, including a cause called "common law fraud," and other forms like fraudulent misrepresentation and fraudulent concealment. *Wernikoff v Health Care Service Corporation*, 376 Ill. App. 3d 228, 233, 877 N.E. 2d 11, 16 (1st Dist. 2007), *and Hirsch v Feuer*, 299 Ill. App. 3d 1076, 1085, 702 N.E. 2d 265, 272 (1st Dist. 1998). Despite the many forms of common law fraud, the Plaintiffs failed to give notice to Bach of which form they intend to accuse her of violating. Thus, since Plaintiffs have failed to separate the theories of liability available for common law fraud in Count II, pursuant to Rule 10(b), Count II should be stricken.

### 2.   COMMON LAW FRAUD

Plaintiffs have failed to allege sufficient facts to maintain a cause of action against Bach for common law fraud. The elements of common law fraud are (1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce plaintiff to act; (4) the plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages from reliance on the statement. *Time Savers, Inc. v LaSalle Bank, N.A.*, 371 Ill. App. 3d 759, 771, 863 N.E. 2d 1156, 1167 (2d Dist. 2007), *see also Connick v Suzuki Motor Co.*, 174 Ill.2d 482, 496, 675 N.E. 2d 584 (1996). According to Rule 9(b), "[i]n all averments of fraud or mistake the circumstances constituting the fraud or mistake shall be stated with particularity." F.R.C.P. 9(b). A complaint for common law fraud must allege facts, from which fraud may be inferred, with specificity and particularity, including what misrepresentations were made, when they were made, who made the misrepresentations and to whom they were

*Motion to Dismiss*
*Page 11 of 15*

made. *Strohmaier v Yemm Chevrolet,* 211 F.Supp.2d 1036, 1044 (N.D. Ill. 2001), citing *Bankers Trust Co. v Old Republic Ins. Co.,* 959 F.2d 677, 683 (7th Cir.1992). Plaintiffs have failed to allege any facts with sufficient particularity upon which fraud may be inferred in conformity with Rule 9(b). Therefore, Count II should be dismissed pursuant to 12(b)(6) because it fails to allege any facts that would permit the relief sought.

### 3. FRAUDULENT MISREPRESENTATION

Plaintiffs have failed to allege sufficient facts to maintain a cause of action against Bach for fraudulent misrepresentation, a form of common law fraud. The elements of fraudulent misrepresentation are: "(1) a false state of material fact; (2) known or believe to be false by the party stating it; (3) intent to induce the other party to act; (4) action in reliance by the other party; and (5) damages as a result of that reliance." *Hirsch, supra,* at 272, 1085. Just like common law fraud, to maintain a cause of action for fraudulent misrepresentation a high standard of specificity is required of the pleadings, including "specific allegations of facts from which fraud is the necessary and probably inference, including what representations were made, when they were made, who made the misrepresentations and to whom they were made." *Id.* citing *Board of Education v A,C & S, Inc.,* 131 Ill. 2d 428, 457, 546 N.E. 2d 580 (1989). Again, Plaintiffs have failed to meet the specificity requirements to maintain an action for fraudulent misrepresentation. Pursuant to 12(b)(6), Count II should be dismissed.

### 4.     FRAUDULENT CONCEALMENT

Moreover, Plaintiffs have failed to allege sufficient facts to bring forth a cause of action against Bach for fraudulent concealment, yet another form of common law fraud. In order to state a proper claim for fraudulent concealment, a plaintiff must allege "(1) the concealment of a material fact; (2) the concealment was intended to induce a false belief, under circumstances creating a duty to speak; (3) the innocent party could not have discovered the truth through a reasonable inquiry or inspection, or was prevented from making a reasonable inquiry or inspection, and relied upon the silence as a representation that the fact did not exist; (4) the concealed information was such that the injured party would have acted differently had he been aware of it; and (5) that reliance by the person from whom the fact was concealed led to his injury" *Stewart v Thrasher*, 242 Ill.App.3d 10, 16, 610 N.E.2d 799 (1993). Further, an allegation of silence only is not sufficient to maintain a cause of action for fraudulent concealment. *Hirsch, supra,* at 273, 1086, *citing Heider v Leewards Creative Crafts, Inc.*, 245 Ill. App. 3d 258, 264-265, 613 N.E. 2d 805 (1993). A plaintiff must further demonstrate justifiable reliance, as well as the existence of "a special or fiduciary relationship" giving rise to a duty to convey accurate information. *Neptuno Treuhand-Und Verwaltungsgesellschaft Mbh v Arbor,* 295 Ill.App.3d 567, 569-70, 692 N.E.2d 812 (1998). Yet, to state sufficient facts to maintain a cause of action for fraudulent concealment, the same standards for specificity and particularity are required just as in the other forms of common law fraud. *Hirsch, supra,* at 1086-1087, 273. In this case, Plaintiffs have failed to point to specific false

representations so as to fairly apprise Bach of what she would be called upon to answer. Therefore, Count II of the Complaint should be dismissed for failing to state facts upon which relief could be granted pursuant to 12(b)(6).

### E. COUNT III

If Plaintiffs are allowed to proceed on their claim for relief enumerated in Count II, Count III should be stricken for being redundant pursuant to Rule (8). According to Rule 8(a), a claim for relief must:

> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

However, repetitious or redundant claims are subject to being stricken pursuant to Rule (8)(a) since they are neither short nor plain statements. *Krawczyk v Re*, 37 F.Supp.2d 1106, 1108-1109 (N.D. Ill. 1999). Specifically, the *Krawczyk* court stated, "[o]ne set of facts producing one injury creates one claim for relief, no matter how many laws the deeds violate." *Id.* Further, the Illinois Supreme Court has also held that claims arising out of the same operative facts and resulting in the same injury to a plaintiff should be dismissed as duplicative. *Neade v Portes*, 193 Ill. 2d 433, 440, 739 N.E. 2d 496, 501 (Ill. 2000)(holding that a claim for breach of fiduciary duty should be dismissed as duplicative where claims for negligence and medical malpractice had been made). Breach of a duty is an element of common law fraud. See argument section D, *supra*. Moreover,

Counts II and III of Plaintiff's Complaint are based on the same set of facts and pray for the same exact forms of relief. Therefore, if Count II is permitted, Count III should be dismissed pursuant to Rule (8) since it is duplicative, redundant, and repetitious.

### III.    CONCLUSION

WHEREFORE Defendant KATHLEEN M. BACH respectfully requests that this Court:

1) Grant Bach's Motion to Dismiss Counts I, II and III;

2) Grant Bach's Motion to Dismiss the Complaint for lack of subject matter jurisdiction;

3) Order Plaintiff pay for the costs of defending this lawsuit; and

3) Any further relief this Court deems just and equitable.

Respectfully Submitted,

By: /s/Maryann M. Bullion
One of Her Attorneys

James P. Kelly
Maura K. McKeever
Maryann M. Bullion
MATUSZEWICH, KELLY & McKEEVER, LLP
453 Coventry Lane, Suite 104
Crystal Lake, Illinois 60014
(815) 459-3120 Telephone
(815) 459-3123 Facsimile