UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK PATTERSON CUSTOM HOMES, INC., PATRICK PATTERSON DEVELOPMENT, INC., PATRICK H. PATTERSON and ALICIA PATTERSON, | ) ) ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | Case No. 07 C 7204 |
| KATHLEEN M. BACH, | ) ) | Judge George M. Marovich |
| Defendant | ) | Magistrate Judge Denlow |

### MOTION TO FILE RESPONSE TO MOTION TO DISMISS *INSTANTER*

Plaintiffs, Patrick Patterson Custom Homes, Inc., Patrick Patterson Development, Inc., Patrick H. Patterson and Alicia Patterson, hereby move this Honorable Court for leave to file their Response to Defendant's Motion to Dismiss *Instanter*. In support of their motion, Plaintiffs state as follows:

1.    Plaintiffs commenced this action on December 21, 2007, and served the Plaintiff with the Complaint on December 22, 2007.

2.    On January 18, 2008, Defendant appeared and filed a motion for additional time to answer or otherwise plead. On January 24, 2008, the Court granted Defendant the requested enlargement of time until February 17, 2008.

3.    On February 18, 2008, Defendant filed her motion to dismiss Plaintiffs' Complaint.

4.     On February 26, 2008, the Court set a briefing schedule allowing the Plaintiffs until March 25, 2008, to file a response, and granting the Defendant until April 15, 2008, to file a reply.

5.     During the week of March 24, 2008, Plaintiffs' counsel was absent from the office on spring break vacation with his family. Plaintiffs' attached Response was completed before Plaintiffs' counsel left on vacation, but, due to an internal mis-communication, the subject Response was not filed during Plaintiffs' counsel's absence. Plaintiffs' counsel did not discover the mistake until he returned to the office on Monday, March 31.

6.     Plaintiffs' counsel has conferred with Defendant's counsel concerning the foregoing mistake, and Defendant's counsel has no objection to Plaintiffs filing the subject response *instanter*, provided that the Defendant's time to reply is enlarged by seven (7) days, until April 22, 2008.

WHEREFORE, Plaintiffs respectfully request this Honorable Court to grant them leave to file the attached response *instanter*.

Dated: March 31, 2008


                                        s/ Daniel P. Hogan
                                        Attorney for the Plaintiffs


Attorney No. 6182808
Daniel P. Hogan
McCabe & Hogan, P.C.
19 South Bothwell Street, Suite 200
Palatine, IL 60067
Telephone:     847-359-6100
Facsimile:     847-359-6105
E-Mail:        dhogan@mccabehogan.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PATRICK PATTERSON CUSTOM HOMES,      )
INC., PATRICK PATTERSON DEVELOPMENT,  )
INC., PATRICK H. PATTERSON and ALICIA )
PATTERSON,                            )
                                      )
    Plaintiffs                        )
                                      )      Case No. 07 C 7204
    v.                                )
                                      )      Judge George M. Marovich
KATHLEEN M. BACH,                     )
                                      )      Magistrate Judge Denlow
    Defendant                         )

## RESPONSE TO DEFENDANT'S MOTION TO DISMISS

NOW COME the Plaintiffs, Patrick Patterson Custom Homes, Inc., Patrick Patterson

Development, Inc., Patrick H. Patterson and Alicia Patterson, by and through their attorneys

McCabe & Hogan P.C. and for its Response to Defendant's Motion to Dismiss state as follows:

## I. FACTUAL BACKGROUND

The Plaintiffs filed a three count Complaint alleging violation of the Computer Fraud and

Abuse Act (Count I), common law fraud (Count II) and breach of the duty of loyalty (Count III).

The Defendant had been employed by the Plaintiffs for approximately nine years from 1998

through April 30, 2007, and served as an administrative assistant in charge of the corporate

accounts and entrusted with paying all corporate bills. Complaint ¶ 10. In furtherance of her

duties and responsibilities, she was given access to the corporate and personal checkbooks for the

Plaintiffs, as well as a signature stamp of co-Plaintiff, Patrick Patterson, to effectuate this

responsibility. Complaint ¶ 10.

It is impossible to determine exactly when the Defendant's misuse began, but the Plaintiffs initially discovered evidence of fraud and misuse in the fall of 2006, when the Defendant withdrew at least $3,850.65 from the corporate account for her personal bills and expenses. After this discovery, the Plaintiffs discovered that her misuse of the Plaintiffs' funds was far more extensive than they were led to believe and more extensive than the Defendant had represented in the fall of 2006. Complaint ¶ 11-15. The Defendant wrote at least 15 checks to "cash" from the Plaintiffs' checking account ¶ 16, made electronic funds transfers ¶ 17, made duplicates of bank statements and requested additional copies of statements for the sole and exclusive purpose of "whiting out" various checks she had written on the Plaintiffs account without authorization for her own personal benefit. Complaint ¶ 19-22. The Defendant also removed various files from the office, deleted various files that she was given access to maintain the Plaintiffs financial and business records, and caused shredding software to be installed on the lap top computer she had been provided to account for the Plaintiffs' affairs. Complaint ¶ 23-24. As a result of the Defendant's willful destruction of the Plaintiffs electronic records, the Plaintiffs were forced to expend a substantial amount of money trying to retrieve the deleted and destroyed financial records. Complaint ¶ 25.

## II.  LEGAL STANDARD

A motion to dismiss based on Fed. R. Civ. P 12(b)(6) tests the legal sufficiency of a party's claim for relief. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). In determining whether to grant a motion to dismiss, the Court accepts all facts pled in the complaint as true and examines all the facts in the light most favorable to the plaintiff, the non-moving party. Christensen v. County of Boone, 483 F.3d 454, 457 (7th Cir. 2007).

Although fact pleading is not required in Federal Court, to survive a motion to dismiss a plaintiff must plead enough to nudge their claims across the line from conceivable to plausible. Bell Atlantic Corp. v. Twombly, ____ U.S. _____, 127 S.Ct 1955, 1974 (2007); Killingsworth v. HSBC Bank Nevada, N.A., 507 F.3d 614, 618 (7th Cir. 2007). The Complaint need only state enough information to allow the Defendant to understand the crux of the Complaint. Payton v. Rush-Presbyterian-St. Luke's Medical Center, 184 F.3d 623, 627 (7th Cir. 1999). Moreover, a Complaint does not need to spell out every element of a legal theory to provide adequate notice to the Defendant of the allegations against her. Hemenway v. Peabody Coal Co., 159 F.3d 255, 261 (7th Cir. 1998). Plaintiffs are able under the Federal Rules of Civil Procedure to plead conclusions as long as the Defendant is given minimal notice of the claim based on those conclusions. Jackson v. Marion County, 66 F.3d 151, 154 (7th Cir. 1995).

### III. LEGAL ARGUMENT – COUNT I

The Defendant contends that the allegations set forth in Count I are insufficient to state a cause of action under the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030. The CFAA provides a civil action for any person "who suffers damage or loss by reason of a violation of this section." 18 U.S.C. § 1030(g). Further, the CFAA provides that a civil action "may be brought only if the conduct involves 1 of the factors set forth in clause (i), (ii), (iii), (iv), or (v) of subsection (a)(5)(B). *Id.* In order to sustain an action under the CFAA, the Plaintiff must allege a harm listed in either (a)(1), (a)(2), (a)(3), (a)(4), or (a)(5)(A) in addition to the five factors listed in subsection B. 18 U.S.C. § 1030 (a)(1) through (a)(5)(A). The facts set forth in the Complaint show the Defendant violated multiple sections of the CFAA making a motion to dismiss inappropriate.

As a threshold matter, the Plaintiffs must show that the Defendant lacked authority or exceeded authorized access to the computer.

In this case, the Defendant lacked authority. In <u>International Airport Centers v. Citrin</u>, 440 F.3d 418 (7th Cir. 2006), the Court held that the Defendant's breach "of his duty of loyalty terminated his agency relationship . . . and with it his authority to access the laptop." *Id.* At 420-421. In <u>international Airport Centers</u>, the Defendant, decided to quit and go into business for himself in breach of his employment contract. *Id.* at 419. Before leaving, he deleted all files on his laptop not only the data that he collected but also the data that would have revealed to International Airport Centers his improper conduct by use of shredding software and a secure-erasure program. *Id.* In this case, the Court held that his authorized access terminated upon engaging in improper conduct which began before the actual deletion and while he was still employed. *Id.* at 420-21. The Court went on to state that violating the "duty of loyalty, or failure to disclose adverse interests voids the agency relationship thus terminating any authorized access. *Id.*

The Defendant like the Defendant in <u>International Airport Centers</u> engaged in improper conduct long before her actual deletion and before her official termination of employment. As such, her authorized access terminated upon engaging in improper conduct as that is when the duty of loyalty was breached and when the agency relationship was terminated. The Defendant by her continued misappropriation of funds that went undisclosed for a number of years and by her concealment of her activities including hiding duplicate bank statements containing "whited-out" account numbers constitutes unauthorized use. Further, the act of deleting files and installing shredding software also constitutes unauthorized use.

Even if her access to the computer was authorized due to her continued employment, she clearly exceeded her authorized access by altering, modifying and/or changing financial documents, business documents, deleting programs and installing and utilizing shredding software.

## A. PROTECTED COMPUTER

To successfully maintain a suit under the CFAA, the Plaintiffs must show that their computer system is protected. A protected computer is defined as "[a] computer which is used in interstate or foreign commerce or communication." 18 U.S.C. § 1030(e)(2)(B).

Consistent with the requirements of notice pleading, Plaintiffs have alleged the computer is protected. Complaint ¶ 28. Since the Defendant has notice of the protected nature of the computer, a Motion to Dismiss is inappropriate. Hemenway v. Peabody Coal Co., 159 F.3d 255, 261 (7th Cir. 1998).

## B. SECTION (a)(5)(i) - (iii)

### 1. Section (a)(5)(i)

The Defendant violated (a) (5)(A) (i) of the CFAA which states as follows:

> Whoever (5)(A)(i) knowingly causes the transmission of a program, code, or command, and as a result of such conduct, intentionally causes damage without authorization to a protected computer.

18 U.S.C. § 1030(a)(5)(i).

Transmission under the CFAA includes the installation and use of a secure erasure program onto a computer regardless of whether the internet or a disc drive is utilized. 18 U.S.C. § 1030(a)(5)(A)(i); International Airport Centers v. Citrin, 440 F.3d 418, 419-20 (7th Cir. 2006. In International Airport Centers, the Defendant, just as in the instant case, installed a secure erasure program to the lap top he was using to delete programs and files from the Plaintiff's

computer system before the Defendant's resignation became effective. *Id.* at 419. The court held

that this type of program transmits data to the computer to damage to its internal workings and

integrity. *Id.* at 419-20. *See also* 18 U.S.C. § 1030(e)(8)(defining damage as any impairment to

the integrity or availability of data, a program, a system, or information); George S. May

International Co., v. Houstetler, 04 C 1606, at *8 (N.D. Ill. 2004).

The facts in the present case are identical to that in International Airport Centers.

Although the precise method of installation is unknown at this time, the Plaintiffs allege that the

Defendant installed an erasure program into the computer to delete pertinent financial and

business records from the computer in an attempt to permanently delete any evidence of her

fraudulent activities. Complaint ¶ 24. Just like in International Airport Centers, where the Court

found a violation of the Section (a)(5)(i) of the CFAA, the Plaintiffs here adequately pled a

transmission of a program that caused damage to their computer system namely permanent

deletion of essential financial and business records as a result of the use of the shredding

software.

### 2. Section (a)(5)(ii)

In addition, the Defendant violated Section (a)(5)(ii) which states as follows:

> Whoever intentionally access a protected computer, without
> authorization, and as a result of such conduct recklessly causes
> damage shall be punished.

18 U.S.C. § 1030(a)(5)(ii).

To prove that the Defendant acted intentionally, the Plaintiffs must show that the

Defendant's conduct evinces a clear intent to enter, without proper authorization, computer files

or data belonging to another and that such conduct must have been the person's conscious

objective and serve a party's self interest to engage in such conduct. In re Pharmatrak, 329 F.3d

9, 23-24 (1st Cir. 2003).

The Defendant in an attempt to hide and conceal her unauthorized and illegal conduct,

intentionally accessed the Plaintiffs' computer without authorization and caused extensive

damage to the computer in the form of lost and deleted files, financial records, and business

records. This act was reckless and careless. As a result essential files were permanently

destroyed.

### 3.  Section (a)(5)(iii)

Finally the Defendant also violated Section (a)(5)(iii) of the CFAA which states as

follows:

> Whoever intentionally accesses a protected computer without
> authorization, and as a result of such conduct causes damage, shall
> be punished.

18 U.S.C. § 1030(a)(5)(iii).

The Defendant's conscious objective by altering, modifying, changing, deleting, and

shredding financial and business records of the Plaintiffs' business was to conceal and cover up

her activities, to maintain her employment, and to commit further fraudulent and illegal acts. As

a result of these acts, the Defendant caused damage to the protected computer system. The

Plaintiffs have been unable since discovery of the deletion to recreate the files erased by the

Defendant. 18 U.S.C. 1030(a)(5)(iii); Shurgard Storage Centers v. Safeguard Storage Centers,

119 F.Supp.2d 1121, 1126-27 (E.D. Wash 2000). The Defendant deleted essential financial and

business records making them impossible to recover. As such, the Plaintiffs have alleged facts to

prove damage under the CFAA.

### C. LOSS UNDER (a)(5)(B)(i)

In addition to pleading damage under the above portions of the CFAA, the Plaintiffs have also adequately pled loss. According to 18 U.S.C. § 1030(g), the conduct complained of must involve one of the factors set forth in subsection (a)(5)(B). Section (a)(5)(B)(i) of the CFAA states in relevant part as follows:

> [B]y conduct described in clause (i), (ii), or (iii) of subparagraph (A) caused . . . (i) loss to 1 or more persons during any 1-year period . . . aggregating at least $5,000 in value.

Loss is defined under the CFAA to mean:

> Any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service.

18 U.S.C. § 1030(e)(11).

A loss under the CFAA includes remedial and investigative expenses incurred by the Plaintiffs. E.F. Cultural Travel BV v Explorica, Inc., 274 F.3d 577, 584 (1st Cir. 2001); Forge Industrial Staffing, Inc. v. De La Fuente, 06 C 3848 (N.D. Ill. 2006); Four Seasons Hotels and Resorts BV v. Consorcio Barr, 267 F. Supp. 2d 1268, 1321 (S.D. Fla. 2003).

For example, in Forge Industrial Staffing, the Defendant was employed as a manager of support services and had access to all aspects of Forge's business including proprietary information, customer information, proposals, and reports. Id. at *2. After the Defendant made threats to the company, Forge uncovered a scheme where the Defendant was using his access to the client database to take Forge's customers by establishing competing business that would "take" certain accounts from the Plaintiff. Id. at *3. Forge conducted an extensive investigation into the activities of the Defendant to determine what damage the Defendant had done to their

computer system. *Id.* at *4. The Court found that this was sufficient to establish loss under the CFAA. *Id.* at 12-13.

In this case, the Plaintiffs stated in Paragraph 25 of their Complaint that they were forced to retain forensics experts, ordered additional and duplicative financial records, incurred investigation fees, and other costs to attempt to restore their computer services. In addition, an accountant was necessary to restore some of the altered or deleted financial records of the Plaintiffs' business. The accountant was used as a further remedial measure. The Plaintiffs in this case pled with more specificity than the Plaintiff in Forge Industrial Staffing where the Court found that the loss requirement was satisfied. As such, the Plaintiff set forth facts to allege loss under the CFAA. Since the Plaintiffs adequately pled damage and loss, the Defendants Motion to Dismiss with respect to Count I of its Complaint should be denied.

### IV. LEGAL ARGUMENT – COUNT II

Since the Plaintiffs have stated a valid cause of action under the CFAA, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(b) to hear and decide Count II. This renders a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) inappropriate.

The Defendant's rely on Federal Rule of Civil Procedure 10(b) to support its Motion to Strike Count II of the Plaintiffs Complaint. Fed. R. Civ. P. 10(b) states that each "claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth." Fed. R. Civ. P. 10(b); Landmark Document Solutions v. Omega Litigation Solutions, 05 C 7300, at *8 (N.D. Ill. 2006). Separate counts are required only to the extent they are necessary to clarify the claims set forth in the Complaint. *Id.* at *8; Novotny v. Porzycki, 02 C 8564, at *1 (N.D. Ill. 2003). Rule 10(b) is

not a basis for dismissal of a complaint unless the complaint is not understandable **and** does not provide the Defendant with notice of the claims. *Id.* at *8-9.

It is clear from the Plaintiffs' Complaint that Count II alleges a cause of action based on common law fraud. Count II clearly states that the Defendant made false statements of material fact. Further, the Defendant had a duty of loyalty and fidelity with the Plaintiffs and as a result had a duty to affirmatively speak and to not conceal information relating to the financial or business records of the Plaintiff Corporation. There is no ambiguity as to the cause of action. Count II is understandable and provides adequate notice to the Defendant of the Plaintiffs' claim for common law fraud.

In addition, the Plaintiffs titled Count II of their Complaint common law fraud. This not only makes it easier to understand in accordance with Rule 9 of the Federal Rules of Civil Procedure, but also serves as notice to the Defendants and eliminates any ambiguity alleged by the Defendants in its Motion to Dismiss. *See* Section II(D)(1) of Defendants Motion to Dismiss. Thus a Motion to Dismiss in appropriate.

The Defendant further relies of Fed. R. Civ. P. 9(b) to support her Motion to Strike. Rule 9(b) requires a "party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); Costa v. Mauro Chevrolet, Inc., 390 F. Supp.2d 720, 732 (N.D. Ill. 2005). To meet this requirement of particularity, a Plaintiff must plead the who, what, where, when, and how of its fraud claim. Borsellino v. Goldman Sachs Group., Inc., 477 F.3d 502, 507 (7th Cir. 2007); DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990). As noted below, the Plaintiffs stated with the required specificity allegations of common law fraud against the Defendant.

To state a valid claim for common law fraud, the Plaintiffs must allege with particularity: (1) a false statement of material fact; (2) Defendant's knowledge that the statement was false; (3) the Defendant's intent that the statements induce the Plaintiff to act; (4) the Plaintiff's reliance on the statements; and (5) damages. Suburban 1, Inc., v. GHS Mortgage, LLC, 358 Ill. App.3d 769, 772, 833 N.E.2d 18, 21 (2d Dist. 2005).

Common law fraud can be established in two ways: 1) by speaking or affirmatively making false statements; and 2) omitting or concealing of material facts when a duty to speak arises due to a duty of fidelity. Non-Profit Risk Management v. Human Services, 4-07-0472, at *13-14 (4th Dist. 2008); Lewis v. Lead Industries Association, 342 Ill. App.3d 95, 105, 793 N.E.2d 869, 873 (1st Dist. 2003); Magna Bank of Madison County, 237 Ill. App.3d 614, 618, 640 N.E.2d 541, 544 (5th Dist. 1992). Both are satisfied here. The Defendant made false statements of material fact that are properly alleged in the Plaintiffs' Complaint. The Defendant falsely stated that she had only written one check in late 2006 when in actuality numerous checks were written on the Plaintiffs checking account. *See* Complaint at ¶¶ 11-16.

In addition, in cases such as this where a duty of fidelity and loyalty exists, omissions or concealment of material facts can be the basis for a fraud action since a duty to speak arose by the nature of her employment. Non-Profit Risk Management v. Human Services, 4-07-0472, at *13-14 (4th Dist. 2008); Lewis v. Lead Industries Association, 342 Ill. App.3d 95, 105, 793 N.E.2d 869, 873 (1st Dist. 2003); Magna Bank of Madison County, 237 Ill. App.3d 614, 618, 640 N.E.2d 541, 544 (5th Dist. 1992). The Defendant intentionally omitted numerous material facts such as the "white out" of financial records that reflected her unauthorized use of the Plaintiffs checking accounts (Complaint at ¶ 20), her writing 15 additional checks prior to the admitted unauthorized use (*Id.* at ¶ 16), her unauthorized transfer of funds to Wells Fargo and Sam's Club

(*Id.* at ¶ 17), and others as noted Paragraphs 20-24 of Plaintiffs' Complaint. The Defendant

certainly knew that these omissions were in breach of her fiduciary duty and duty of loyalty and

knew that the statements were false. The Defendant intended, by omitting these facts and

making false statements, to induce the Plaintiffs to continue her employment as the

administrative assistant.

The Plaintiffs relied on these omissions and false statement by allowing her to continue

her employment, which, in turn, allowed for additional fraudulent activities. Due to the Plaintiffs

reliance on these statements, the Plaintiffs suffered significant amount of damages. *Id.* at ¶ 36.

As a result, the Plaintiff adequately pled an action for common law fraud that satisfies the

requirements in Rule 9(b).

### V.  LEGAL ARGUMENT COUNT III

The Plaintiffs have alleged sufficient facts to state a cause of action for the Defendant's

breach of her duty of loyalty in Count III of her Complaint. The Defendant's reliance on <u>Neade v.</u>

<u>Portes</u>, 193 Ill.2d 433, 739 N.E.2d 496 (2000) is misplaced.

In <u>Neade</u>, the plaintiff brought suit for medical malpractice and breach of fiduciary duty

stemming from Dr. Portes unwillingness to order an angiogram, a test that would have detected

coronary artery disease. *Id.* at 436. The sole issue in <u>Neade</u> was whether a plaintiff can

maintain a suit for medical malpractice and breach of fiduciary duty against the physician. The

Illinois Supreme Court compared the elements needed to establish a case for malpractice and the

elements needed for breach of a fiduciary duty. *Id* at 443. The court reasoned that to prove a

breach of fiduciary duty, the plaintiff must show that another physician would have ordered an

angiogram. *Id.* at 444-45. The court further reasoned at this is the standard of care consideration

necessary to establish malpractice. *Id.* Quoting the United States Supreme Court's decision in

Pegram v. Herdrich, 530 U.S. 211 (2000), the court stated that "the breach of fiduciary duty claim would boil down to a malpractice claim and the fiduciary standard would be nothing but the malpractice standard traditionally applied in actions against physicians." *Id.* at 445. The court thus dismissed the fiduciary duty count based upon the fact that both causes of action require the same set of operative facts to prove. *Id.* at 449.

The present case is distinguishable from Neade. Fraud is separate from a breach of the duty of loyalty claim. An element of fraud is not necessary in cases of breach of the duty of loyalty. Further, the Plaintiffs set forth facts that would prove a breach of the duty of loyalty independent of any fraudulent activity by the Defendant. In dismissing the fiduciary count in Neade, the court essentially found that the two causes of action were so intertwined that a fiduciary duty cannot exist without medical malpractice. *Id.* at 445. Fraud and breach of the duty of loyalty are not so intertwined.

The Defendant also relies on Rule 8(a) of the Federal Rules of Civil Procedure to support its Motion to Dismiss Count III. Federal courts utilize a notice pleading system which is designed to put the Defendant on notice of all claims against her giving her an opportunity to adequately defend those claims. Hemenway v. Peabody Coal Co., 159 F.3d 255, 261 (7th Cir. 1998). As such, Count III puts the Defendant on notice of a claim for breach of the duty of loyalty in addition to fraud and the CFAA. Further, the rule cited by the Defendant in Krawczyk v. Re, 37 F. Supp.2d 1106 (N.D. Ill. 1999) is followed by only one judge in the Northern District. Despite this ruling, the Plaintiffs believe that it is more equitable to put the Defendant on notice of all impending claims against her rather than create surprise later. As such the Defendant's Motion to Dismiss Count III should be denied.

## VI.  CONCLUSION

The Plaintiffs have adequately pled a cause of action under Count I since the allegations clearly indicate a violation of the CFAA.  As a result, this Court has subject matter jurisdiction not only over Count I but also Counts II and III.  This makes a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) inappropriate.  Further, the Plaintiffs have adequately pled an action for common law fraud and breach of the duty of loyalty in Counts II and III.  Accordingly, the Defendant's Motion to Dismiss should be denied.

By:  /s Daniel P. Hogan
        One of the Attorneys for Plaintiff

Attorney No. 6182808
Daniel P. Hogan
McCabe & Hogan, P.C.
19 South Bothwell Street, Suite 200
Palatine, IL 60067
Telephone:     847-359-6100
Facsimile:      847-359-6105
E-Mail:        dhogan@mccabehogan.com

CERTIFICATE OF SERVICE

    I, Daniel P. Hogan, an attorney, certify that service of Plaintiffs' **MOTION TO FILE RESPONSE TO MOTION TO DISMISS *INSTANTER*** on Defendant's counsel was accomplished pursuant to ECF.

                        s/ Daniel P. Hogan_____
                        Daniel P. Hogan