IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICK PATTERSON CUSTOM HOMES, INC., et al. | ) ) ) |
| Plaintiffs, | ) Case No. 07 C 7204 ) |
| v. | ) Judge George M. Marovich ) |
| KATHLEEN M. BACH | ) Magistrate Judge Denlow ) |
| Defendant. | ) |

**REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

NOW COMES the Defendant, KATHLEEN M. BACH (hereinafter "Bach"), by and through her attorneys, MATUSZEWICH, KELLY & MCKEEVER, LLP, and as and for her Reply to Plaintiffs' Response to the Defendant's Motion to Dismiss the Complaint of Patrick Patterson Custom Homes, et. al. (hereinafter "Plaintiffs"), states the following:

### I.   INTRODUCTION

Patrick Patterson operates a construction business out of his home in Libertyville, Illinois, and he does intrastate business within the State of Illinois. Complaint ¶¶ 8-10, pg. 2. Bach, also a resident of the State of Illinois, was his secretary. Complaint ¶¶ 5 & 9, pg. 2. Plaintiffs have filed a 3 Count Complaint accusing Bach of, for all intents and purposes, misappropriating company funds by writing company checks to pay her personal bills. Complaint ¶¶ 11-17, pgs. 3-4. Plaintiffs further allege Bach made attempts to hide her actions by altering bank statements and deleting computer files. Complaint ¶¶ 18-24, pgs. 4-5. In response, Bach filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 8, since the facts, as stated in the Complaint, do not state a claim for a

violation of the Computer Fraud and Abuse Act (hereinafter "CFAA"). In addition, since Plaintiffs have failed to state a claim for a violation of the CFAA, this court should not continue to exercise Subject Matter Jurisdiction over Counts II and III. However, if this court finds reason to exercise Subject Matter Jurisdiction over Counts II and III, Count II should be stricken pursuant to Federal Rule of Civil Procedure 10(b) for failing to separate theories of liability into separate counts and for failing to state a claim of fraud with sufficient particularity pursuant to Federal Rule of Civil Procedure 9(b)  Count III should be stricken pursuant to Federal Rule of Civil Procedure 8(a) for being duplicative.

## II. COUNT I- COMPUTER FRAUD AND ABUSE ACT

### A. PROTECTED COMPUTER

In order to show that a person violated the Computer Fraud and Abuse Act, a plaintiff must state facts that prove the person damaged a "protected computer." *Kathrein v McGrath,* 2006 WL 287433, at 5 (C.A. Ill. Feb. 7, 2006). Plaintiffs have claimed that, as a threshold matter, they must show Bach lacked authority or exceeded her authorized access to Plaintiffs' computer. However, Plaintiffs have cited no law in support of their claim that the issue of Bach's authority to access information through the computer is a threshold matter when assessing a claim for damages under the CFAA. Therefore, since Plaintiffs have failed to state facts that demonstrate the necessary element of access to a protected computer, Plaintiffs have failed to state a claim for a violation of the CFAA.

The subsections of the CFAA, including subsections (a)(5)(i)-(iii) cited by the Plaintiffs, which discuss the actions that give rise to a violation of the CFAA, specifically enumerate the requirement that a plaintiff allege a defendant accessed a "protected computer." 18 U.S.C. § 1030(a)(1) through (a)(5)(A), *see also Charles*

*Schwab & Co. v Carter,* 2005 WL 351929, at 3 (N.D. Ill. Feb. 11, 2005)(hereinafter "*Schwab I*"). A "protected computer" is defined as a computer used "exclusively for the use of a financial institution or the United States Government," and is further defined as a computer used "in interstate or foreign commerce or communication." 18 U.S.C. § 1030 (e)(2)(A) & (B). Plaintiffs have alleged no facts that show that the computer Bach allegedly accessed was a protected computer.

### 1. Statutory Interpretation

In *Schwab I,* the court found that the language of the CFAA was unambiguous. *Schwab I, supra,* at 3. According to the *Schwab I* court, "the cardinal rule of statutory interpretation is that courts must first look to the language of the statute and assume that its plain meaning accurately expresses the legislative purpose." *Id., citing United State v Miscellaneous Firearms, Explosives, Destructive Devices and Ammunitions,* 376 F.3d 709, 712 (7th Cir. 2004). The *Schwab I* court further noted that "[w]here the meaning of a statute is unambiguous, our sole task is to apply it straightforwardly to the facts at issue without reference to legislative history or other devise." *Schwab I, supra,* at 3, *citing United States v Jones,* 372 F.3d 910, 913 (7th Cir. 2004). Since the meaning of the language in the CFAA is unambiguous, the Plaintiffs are required to plead facts that demonstrate Bach's alleged violations of the CFAA result from accessing a "protected computer."

### 2. Hemenway

The case of *Hemenway v Peabody Coal Co.,* cited by Plaintiffs to demonstrate Federal notice pleading standards, actually demonstrates that in cases where fraud is alleged in a Complaint, a heightened pleading standard is required. *Hemenway v Peabody Coal Co.,* 159 F.3d 255, 261 (7th Cir. 1998). In *Hemenway,* the 7th Circuit Court of Appeals upheld a decision to dismiss a fraud count within a

complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Plaintiff had failed to allege the facts with sufficient particularity to meet the heightened pleading standards required where a defendant is accused of fraud. *Id.* The *Hemenway* court noted that as a general rule, where notice pleading is required, complaints need not spell out every element of a legal theory; fraud allegations, however, require a heightened standard and must include "particularity" about the details-"the who, what, when, where, and how: the first paragraph of any newspaper story." *Id.* In addition to finding that the plaintiffs failed to allege any facts showing the defendant lied to create a fraud, the *Hemenway* court noted that "Plaintiffs pleaded themselves out of court on the [deceptive omissions] fraud theory" by revealing facts that showed the defendants had not committed fraud. *Id.*

Similarly, the Plaintiffs in this case have failed to allege facts with sufficient particularity to show Bach accessed a "protected computer." Plaintiffs mention the term "protected computer" only once in the Complaint by making the conclusory statement, "[i]n the Spring 2007, Defendant intentionally accessed Plaintiffs' protected computer." Complaint ¶ 28, pg. 6. Yet, Plaintiffs have alleged no facts showing the Plaintiffs' computers are involved in interstate commerce and have pled no facts showing that the Plaintiffs' computers are used exclusively for the use of a financial institution or the United States Government. Further, the Plaintiffs have "pleaded themselves out of court" by stating facts that clearly demonstrate the Plaintiffs' computers are not used exclusively for the use of a financial institution or the United States Government. They have also alleged facts showing the Plaintiffs' computers are not involved in interstate commerce.

a.  **Interstate Commerce**

The Plaintiffs have failed to allege facts that Bach accessed a computer involved in interstate or foreign commerce. Complaint ¶¶ 1-30, pgs. 1-7. "The plain language of [the CFAA] indicates that the conduct of unlawfully accessing a computer, and not the obtained information, must involve interstate or foreign commerce." *C.H. Robinson Worldwide, Inc. v Command Transportation LLC*, 2005 WL 3077998, at 4 (N. D. Ill. Nov. 16, 2005), citing *Charles Schwab & Co., Inc. v Carter,* 2005 WL 2369815, at 8 (N.D. Ill. Sept. 27, 2005) (hereinafter "*Schwab II*"). In *Schwab II*, the court found that plaintiffs had properly alleged that the defendant accessed a computer involved in interstate and foreign commerce since the plaintiff stated they maintained an interstate computer network. *Schwab II*, 2005 WL 2369815, at 8 (N.D. Ill. Sept. 27, 2005). In both *Schwab II* and *C.H. Robinson Worldwide,* plaintiffs stated facts showing their businesses involved interstate and foreign commerce and they alleged facts showing their company's computers were networked between states. *Schwab II*, 2005 WL 2369815, at 8 and *C.H. Robinson Worldwide, Inc.* 2005 WL 3077998, at 1. In contrast, the Plaintiffs in the case at bar have not alleged that their computers were networked between states, that they conducted business outside the State of Illinois or that they conducted business in foreign states.

Plaintiffs have not only failed to state facts showing their business involved interstate or foreign commerce, they have instead pled facts that show their business does not involve interstate or foreign commerce. The Plaintiffs state only that Bach accessed one computer in their home, in Libertyville Illinois, that was related to their construction business. Complaint ¶ 8, pg. 2. Further, they state that both of the Plaintiff corporations are organized in Illinois with their principal places of business in

Illinois. Complaint ¶ ¶ 1-2, pg. 1. The principal place of business of both Patrick Patterson Custom Homes, Inc. and Patrick Patterson Development, Inc. is 402 Butterfield Road, Libertyville, Illinois, the primary residence of the other two plaintiffs, Alicia and Patrick Patterson. Complaint ¶¶1-3, pg. 1. The Plaintiffs have failed to allege any facts showing that Bach's conduct involved interstate or foreign commerce.

### b. Financial Institution or the United States Government

The Plaintiffs have also failed to allege facts that Bach accessed a computer of a financial institution. Complaint ¶¶ 1-30, pgs. 1-7. A "financial institution," according to the CFAA, includes institutions such as the Federal Reserve, a credit union, loan depositories, broker-dealers, and branches of foreign banks. 18 U.S.C. §1030(e)(4)(A) through (I). Not only have Plaintiffs failed to allege facts that would show that Bach accessed a computer of a financial institution, Plaintiffs have alleged facts that show Bach did not access a computer of a financial institution. In the Complaint, Plaintiffs merely allege that Bach was granted access to a computer belonging to a "construction business," which was operated out of Patrick and Alicia Patterson's home. Complaint ¶ 8, pg. 2. Since Plaintiffs have failed to state facts that show Bach accessed a computer belonging to a financial institution, they have failed to allege Bach accessed a protected computer and Count I should be dismissed.

The Plaintiffs have similarly failed to allege facts that Bach accessed a computer of the United States government. Complaint ¶¶ 1-30, pgs. 1-7. The CFAA does not define a computer used by the United States government, but logically, a computer of the United States government would involve the business of a United States government entity or agency. 18 U.S.C. §1030. Not only have the Plaintiffs failed to allege facts that indicate Bach accessed a computer belonging to a United

States government entity or agency, they have alleged facts showing that Patrick Patterson Custom Homes, Inc. and Patrick Patterson Development, Inc. are not involved with the business of a United States government entity or agency. Within the Complaint, Plaintiffs state they are a "construction business." The Plaintiffs further state their businesses are within the State of Illinois, and do not mention any involvement with the United States government. Complaint ¶¶1-5, pgs. 1-2. Thus, Plaintiffs have failed to state facts that could prove Bach accessed a protected computer, and this Court should dismiss Count I of the Complaint.

### B.　　FURTHER ELEMENTS

Since Plaintiffs have failed to plead with sufficient particularity that the computer Bach is accused of accessing is protected, and access to a protected computer is a required element under the CFAA, no other elements of the statute need be addressed. Because, however, Plaintiffs discuss the other elements of the CFAA in their Response, Bach will briefly address the arguments raised by Plaintiffs.

#### 1.　　Authority

To state a claim for violation of the CFAA, Plaintiffs are required to state facts that show Bach lacked authority or exceeded her authority in accessing a protected computer. *International Airport Centers v Citrin,* 440 F.3d 418, 420 (7th Cir. 2006). In *International Airport Centers v Citrin,* the plaintiff pled facts showing the plaintiff's computers were protected because the corporation was involved in interstate and foreign commerce and the computers were networked. *Id.* at 419. As set forth previously, the instant case can be distinguished from *International Airport Centers v Citrin.* Plaintiffs have not alleged that Bach accessed a protected computer. Section II, A *supra.*

### 2. Damage

Further, Plaintiffs must plead damage as an element of a violation of the CFAA. *Shurgard Storage Centers v Safeguard Storage Centers*, 119 F.Supp.2d 1121, 1126-27 (E.D. Wash 2000). Unlike the instant case, in *Shurgard Storage Centers v Safeguard Storage Centers*, the plaintiffs' complaint clearly alleged that the defendant(s) accessed a protected computer by showing the plaintiffs were involved in interstate and foreign commerce and that they used networked computers to link their various business locations. *Id.* at 1122-23. As stated previously, Plaintiffs have merely alleged that Bach accessed a single computer belonging to a construction business located in Libertyville, Illinois. Complaint ¶¶1-5, 8-10, pgs. 1-3, and Section II, A *supra*. Plaintiffs have failed to allege Bach accessed a protected computer.

### 3. Loss

Plaintiffs must plead loss as an element of a violation of the CFAA. *Forge Industrial Staffing, Inc. v De La Fuente*, 2006 WL 2982139 (N.D. Ill. 2006). The plaintiffs in *Forge Industrial Staffing, Inc. v De La Fuente* clearly pled that the defendants accessed a protected computer involved in interstate commerce; the plaintiffs stated they "provide highly skilled, full-time, temporary industrial workers to its clients in the Midwest. Forge operates in Illinois, Indiana, Kentucky, Michigan and Ohio with 151 employees and places thousands of temporary workers." *Id.* at 1. As stated previously, Plaintiffs have merely alleged that Bach accessed a single computer belonging to a "mom-and-pop shop" located in Libertyville, Illinois, not a protected computer. Complaint ¶¶1-5, 8-10, pgs. 1-3, and Section II, A *supra*.

Moreover, Plaintiffs have failed to state sufficient facts to allege they suffered losses to maintain a claim for relief for violation of the CFAA. To maintain a claim for

relief under the CFAA, a plaintiff must state they have suffered one of the five losses set forth in subsection (a)(5)(B). 18 U.S.C. § 1030(a)(5)(B). Loss, a required element, is defined as the "cost of investigating or remedying damage to a computer, or a cost incurred because the computer's service was interrupted." *Hasan v Foley & Lardner, LLP,* 2007 WL 2225831, at 5 (N.D. Ill. July 26, 2007), citing *Nexans Wires S.A. v Sark-USA, Inc.,* 319 F. Supp. 2d 468, 475 (S.D.N.Y. 2004). The costs referred to must be related to the computer system itself. *Id.* The United States Supreme Court recently clarified a claim for relief that properly pleads loss and stated that a plaintiff must "provide the 'grounds' of his 'entitle[ment] to relief' [with] more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Garelli Wong & Associates, Inc. v Nichols,* 2008 WL 161790, at 7 (N.D. Ill. 2008), citing *Bell Atlantic Corp. v Twombly,* 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). In this case, Plaintiffs merely recite the requirements listed in subsection (a)(5)(B)(i) of the CFAA. Complaint ¶ 25, pg. 6. Plaintiffs also state losses that are not related to a computer system, i.e. "retaining an accountant." *Id.* Thus, Plaintiffs have failed to specify with sufficient particularity the bases upon which they bring their claim for relief under the CFAA, and Count I of this Complaint should be dismissed.

### 4. *Mens Rea*

Although the Plaintiffs claim that *mens rea* is an element of the CFAA, they do not cite any case law supporting this position. In fact, Plaintiffs rely on a case that defines "intent" as it relates to the Electronic Communications and Privacy Act. *In re Pharmatrak,* 329 F.3d 9, 23-24 (1st Cir. 2003). Depending on which section of the CFAA a defendant allegedly violated, the CFAA provides for different forms of *mens rea* including "knowingly" and "intentionally." 18 U.S.C. §1030(a)(5)(A) & (B). Thus,

*In re Pharmatrak* does not relate to which elements of the CFAA are necessary elements and does not show this court which facts should be interpreted and applied to the particular element to survive a Motion to Dismiss.

Finally, in sum, although access to a protected computer is not the only element required to plead a violation of the CFAA, it is a necessary element which the Plaintiffs have failed to plead with sufficient particularity. Therefore, Count I of Plaintiffs' Complaint should be dismissed pursuant to 12(b)(6). Further, Plaintiffs have failed to state facts to show that Plaintiffs suffered loss, a required element. Also, Plaintiffs' reliance on *In re Pharmatrak* to show *mens rea* as an element of the CFAA is misguided.

## II.     SUBJECT MATTER JURISDICTION

Since the Plaintiffs have failed to allege facts that could prove Bach violated 18 U.S.C. § 1030, the Plaintiffs have failed to state a claim that would confer subject matter jurisdiction on a federal court over Counts II and III. The Plaintiffs bear the burden of stating facts that show a federal court should exercise subject matter jurisdiction. *Garelli Wong & Associates, Inc. v Nichols,* 2008 WL 161790, at 4 (N.D. Ill. Jan. 16, 2008), *citing Kontos, supra.* Yet, if Count I is dismissed, the Plaintiffs have only alleged that the federal courts have supplemental jurisdiction over the second two Counts. Complaint ¶ 6, pg. 2. If Count I is dismissed, the Court should not continue to exercise jurisdiction over the matter because "the general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pending state-law claims rather then resolving them on their merits." *Kennedy v. Schoenberg, Fisher & Newman, Ltd.,* 140 F.3d 716, 727 (7th Cir. 1998). . Plaintiffs have stated no facts that would confer continuing subject matter jurisdiction on a federal court if the count based on federal law is dismissed. Complaint ¶ 6, pg.

2. Therefore, since Count I fails and should be dismissed, and no facts have been alleged that show this court should continue to exercise subject matter jurisdiction over Counts II and III pursuant to 28 U.S.C. §1367(b), the entire Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

### III.     COUNT II- COMMON LAW FRAUD

#### A.     SEPARATE COUNTS

Although Plaintiffs have failed to state facts that show Bach violated the CFAA and this court should not exercise supplemental jurisdiction over Counts II and III, if this court does decide to exercise subject matter jurisdiction over Counts II and III, these counts should be stricken nonetheless for failing to comport with the Federal Rules of Civil Procedure. Count II of Plaintiffs' Complaint should be dismissed because this count is unclear and fails to provide Bach with notice of the claim against her. "Common law fraud" is a vague claim since various forms of common law fraud are recognized under Illinois law, including common law fraud itself, fraudulent misrepresentation and fraudulent concealment. *Time Savers, Inc. v LaSalle Bank, N.A.*, 371 Ill. App. 3d 759, 771, 863 N.E. 2d 1156, 1167 (2d Dist. 2007), *Hirsch v Feuer*, 299 Ill. App. 3d 1076, 1085, 702 N.E. 2d 265, 272 (1st Dist. 1998), and *Stewart v Thrasher*, 242 Ill.App.3d 10, 16, 610 N.E.2d 799 (1993). Separate counts are required pursuant to Rule 10(b) to the extent they are necessary to clarify the claims within the Complaint. *Landmark Document Services, LLC v Omega Litigation Solutions, LLC*, 2006 WL 2861098 at 4 (N.D. Ill. 2006), citing *Novotny v Porzycki*, 2003 WL 21384638 (N.D. Ill. 2003), and F.R.C.P. Rule 10. As stated by Plaintiffs in their Response, they labeled Count II "Common Law Fraud" and failed to state upon which theory of common law fraud they base their claim

against Bach. Such a vague claim cannot be maintained under Rule 10(b), because it is not understandable and fails to provide Bach with the requisite notice of which cause of action Plaintiffs are asserting against her. Therefore, this Count cannot be maintained pursuant to Rule 10(b) and should be dismissed pursuant to Rule 12(b)(6).

### B.   PARTICULARITY

Plaintiffs have failed to state their claim for common law fraud with sufficient particularity and thus Count II should be stricken for failing to comply with Rule 9(b). According to Rule 9(b), "[i]n all averments of fraud or mistake the circumstances constituting the fraud or mistake shall be stated with particularity." F.R.C.P. 9(b). A complaint for common law fraud must allege facts, from which fraud may be inferred, with specificity and particularity, including what misrepresentations were made, when they were made, who made the misrepresentations and to whom they were made. *Strohmaier v Yemm Chevrolet,* 211 F.Supp.2d 1036, 1044 (N.D. Ill. 2001), *citing Bankers Trust Co. v Old Republic Ins. Co.,* 959 F.2d 677, 683 (7th Cir.1992). Plaintiffs have failed to allege any facts with sufficient particularity upon which fraud may be inferred in conformity with Rule 9(b). Although Plaintiffs vaguely refer to conversations between Plaintiffs and Bach in the Complaint, they fail to state what specific representations were made, in what way those representations were false, what facts in particular were concealed, what specific material facts the representations relate to, when the statements/concealments were made and to whom they were made/concealed. Complaint ¶¶ 11-17. Further, the "facts" alleged by Plaintiffs within Count II itself are nothing more than mere conclusory statements with no reference whatsoever to any actual specific facts. Complaint ¶¶ 31-39. In *Illinois Non-Profit Risk Management Ass'n v Human Services Center of Southern*

*Metro-East*, the court found that the plaintiffs failed to state a valid claim for fraud because they failed to state the facts with sufficient particularity and thus the action was dismissed; "[h]ere the pool members offered only nonspecific allegations of fraud." *Illinois Non-Profit Risk Management Ass'n v Human Services Center of Southern Metro-East*, 2008 WL 614557 (4th Dist. 2008). Similarly, the Plaintiffs have failed to state a cause of action for common law fraud against Bach and Count II should be dismissed.

### IV.    COUNT III- BREACH OF DUTY OF LOYALTY

If Count II is allowed, Count III should be dismissed as being duplicative. Repetitious or redundant claims are subject to being stricken pursuant to Rule (8)(a) since they are neither short nor plain statements. *Krawczyk v Re*, 37 F.Supp.2d 1106, 1108-1109 (N.D. Ill. 1999), and F.R.C.P. Rule 8. Specifically, the *Krawczyk* court stated, "[o]ne set of facts producing one injury creates one claim for relief, no matter how many laws the deeds violate." *Id.* Further, the Illinois Supreme Court has also held that claims arising out of the same operative facts and resulting in the same injury to a plaintiff should be dismissed as duplicative. *Neade v Portes*, 193 Ill. 2d 433, 440, 739 N.E. 2d 496, 501 (Ill. 2000)(holding that a claim for breach of fiduciary duty should be dismissed as duplicative where claims for negligence and medical malpractice had been made). Essentially, what the *Neade* court found was that a cause of action that is contained within a more broad cause of action should be dismissed as duplicative. *Id.* Just as a breach of fiduciary duty claim is contained within a medical malpractice claim, a claim for breach of duty of loyalty is contained within common law fraud claim. *Neptuno Treuhand-Und Verwaltungsgesellschaft Mbh v Arbor*, 295 Ill.App.3d 567, 569-70, 692 N.E.2d 812 (1998) (elements of common law fraud include requirement that plaintiff plead the existence of a duty to

convey accurate information). Since both the claims for common law fraud and breach of duty of loyalty arise from the same facts causing one injury, Count III should be dismissed as duplicative.

The Plaintiffs cite to no authority to support their claim that the case of *Krawczyk v Re* is "followed by only one judge in the Northern District." Although the *Krawczyk* case is a report of a Memorandum Opinion and Order, the Order drafted by Senior District Judge Shadur is persuasive in that it is a decision written by a Judge within the Northern District that is on point. In fact, Plaintiffs' argument with regard to the persuasiveness of *Krawczyk* only undermines the Plaintiffs' use of cases like *George S. May International v Houstetler* and *Forge Industrial Staffing, Inc. v De La Fuente*, which are slip copy cases that have not even been published. Moreover, Plaintiff uses cases from outside the State of Illinois like *Shurgard Storage Centers v Safeguard Storage Centers*, which per Plaintiff's argument regarding the persuasiveness of *Krawczyk* should not be relied upon by this court. Bach has cited each of these cases and urges this court to find the decisions persuasive, although not necessarily binding.

## V. CONCLUSION

Plaintiffs' Complaint does not provide the Defendant with the required notice demonstrating how Bach allegedly violated the CFAA. Specifically, Plaintiffs have failed to allege sufficient facts to demonstrate that Bach accessed a protected computer in violation of the CFAA. The Plaintiffs have exaggerated the relevant facts of this case in order to bring the alleged actions of Bach within the scope of the CFAA for the purpose of seeking original jurisdiction within a Federal court where diversity jurisdiction is clearly lacking. Because the Plaintiffs cannot maintain a claim against Bach for a violation of the CFAA, this Court does not have subject matter

jurisdiction over Counts II and III. The Complaint should be dismissed pursuant to Rule 12(b)(6) and 12(b)(1).

Moreover, even if this court allows Count I, Count II should be dismissed because it is overly vague. Specifically, Count II contains multiple claims that must be pleaded in separate counts and Plaintiffs failed to allege facts with specific particularity to meet the heightened pleading requirements for claims of fraud pursuant to Rule 9.

Also, if the Plaintiffs are allowed to maintain the claim against Bach for a violation of the CFAA, Count III should be dismissed. Count III is a claim wholly contained within Count II and is therefore duplicative. Duplicative counts must be stricken pursuant to Rule 8(b).

WHEREFORE Defendant KATHLEEN M. BACH respectfully requests that this Court:

1) Grant Bach's Motion to Dismiss Counts I, II and III;

2) Grant Bach's Motion to Dismiss the Complaint for lack of subject matter jurisdiction;

3) Order Plaintiff pay for the costs of defending this lawsuit; and

3) Any further relief this Court deems just and equitable.

Respectfully Submitted,

By: /s/Maryann M. Bullion
One of Her Attorneys

James P. Kelly
Maura K. McKeever
Maryann M. Bullion
MATUSZEWICH, KELLY & McKEEVER, LLP
453 Coventry Lane, Suite 104
Crystal Lake, Illinois 60014
(815) 459-3120 Telephone
(815) 459-3123 Facsimile