# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7204 | **DATE** | June 25, 2008 |
| **CASE TITLE** | Patrick Patterson Custom Homes, Inc., et al. v. Bach | | |

**DOCKET ENTRY TEXT:**

Defendant's motion to dismiss [13] is granted. Plaintiffs' complaint is hereby dismissed without prejudice. The Court grants plaintiffs 21 days to file an amended complaint.

■[ For further details see text below.]            Docketing to mail notices.

## STATEMENT

      Plaintiffs Patrick Patterson Custom Homes, Inc., Patrick Patterson Development, Inc., Patrick H. Patterson and Alicia Patterson filed a three-count complaint against defendant Kathleen Bach. Plaintiffs assert claims for common-law fraud, breach of the duty of loyalty and violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(g). According to the allegations in the complaint, Bach worked for one or more of the plaintiffs as an administrative assistant for a construction business. Bach was responsible for, among other things, paying bills for plaintiffs. Plaintiffs allege that Bach used plaintiffs' accounts to write checks to herself or for her own benefit. Plaintiffs further allege that in order to cover up her misdeeds, Bach deleted computer files from the laptop she used as administrative assistant and installed "shredding" software onto the computer to destroy files.

      The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Under the notice-pleading requirements of the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombley*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Twombley*, 127 S.Ct. at 1964-1965. A complaint must include enough factual allegations to "raise a right to relief above a speculative level." *Twombley*, 127 S.Ct. at 1965. "After *Bell Atlantic*, it is no longer sufficient for a complaint 'to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Tamayo v. Blagojevich*, __ F.3d __, __, Case No. 07-2975, slip op. at 15 (7th Cir. May 27, 2008) (quoting *Equal Employment Opportunity Comm'n v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)).

**STATEMENT**

The Computer Fraud and Abuse Act ("CFAA"), which is a criminal statute, provides a private right of action under certain circumstances. *See* 18 U.S.C. § 1030(g) ("Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief.").

The portions of the statute under which plaintiffs seek relief require the plaintiffs to show that the defendant took certain actions with respect to a "protected computer." The CFAA defines a protected computer as one used exclusively by the federal government or a financial institution *or* one that is "used in interstate or foreign commerce or communication." 18 U.S.C. § 1030(e)(2)(A) & (B). This is not difficult to allege. It would, for example, suffice to allege that the computer was used for the business and that the business operated in two different states. *See Modis, Inc. v. Bardelli*, 531 F.Supp.2d 314, 318-319 (D. Conn. 2008). But in this complaint, plaintiffs merely alleged the existence of a "protected computer." After *Twombley*, it no longer suffices to allege bare elements of a claim. That the alleged computer meets the definition of protected computer is pure speculation. The complaint contains no allegations that would suggest that the computer was used in interstate commerce. Accordingly, the Court dismisses Count I for failure to state a claim.

Because Count I was the only federal claim, the Court also dismisses without prejudice the state-law claims over which its jurisdiction is supplemental. *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994) ("the general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits.").

For these reasons, the Court hereby dismisses without prejudice plaintiffs' complaint. The Court grants plaintiffs 21 days to file an amended complaint.