**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PATRICK PATTERSON CUSTOM HOMES, INC., PATRICK PATTERSON DEVELOPMENT, INC., PATRICK H. PATTERSON and ALICIA PATTERSON, | ) | |
| Plaintiffs | ) | |
| v. | ) | Case No. 07 C 7204 |
| KATHLEEN M. BACH, | ) | Judge George M. Marovich |
| Defendant | ) | Magistrate Judge Denlow |

# AMENDED COMPLAINT

Plaintiffs, Patrick Patterson Custom Homes, Inc., Patrick Patterson Development, Inc., Patrick H. Patterson and Alicia Patterson, complaining of Defendant, Kathleen M. Bach, state as follows:

## The Parties

1. Plaintiff, Patrick Patterson Custom Homes, Inc., is a corporation duly organized under the laws of the State of Illinois with its principal place of business at 402 Butterfield Road, Libertyville, Illinois. As set forth in greater detail herein, at all relevant times Patrick Patterson Custom Homes, Inc. conducted business in Illinois and Wisconsin.

2. Plaintiff, Patrick Patterson Development, Inc., is a corporation duly organized under the laws of the State of Illinois with its principal place of business at 402 Butterfield Road, Libertyville, Illinois. As set forth in greater detail herein, at all relevant times Patrick Patterson Development, Inc. conducted business in Illinois and Wisconsin.

3. Plaintiff, Patrick H. Patterson, is an individual resident of the State of Illinois, residing at 402 Butterfield Road, Libertyville, Illinois. At all relevant times, Patrick Patterson, was the sole shareholder of the corporate plaintiff's identified in Paragraphs 1 and 2 of the Complaint.

4. Plaintiff, Alicia Patterson, is an individual resident of the State of Illinois, residing at 402 Butterfield Road, Libertyville, Illinois.

5. Defendant, Bach, is an individual resident of the State of Illinois, residing at 155 Sunnyside, Crystal Lake, Illinois.

**Jurisdiction and Venue**

6. As set forth in greater detail herein, this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1830(g) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2) in that the Defendant resides in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

**Background**

8. At all relevant times, the Plaintiffs have operated a construction business out of a home office located at 402 Butterfield Road, Libertyville, Illinois.

9. At all relevant times between 1998 and April 30, 2007, Defendant was employed as an administrative assistant and otherwise acted as the agent of the Plaintiffs.

10. In her capacity as an administrative assistant, Defendant was granted access to all corporate accounts and entrusted with paying all corporate bills. In addition, Defendant was

granted access to Patrick and Alicia Patterson's personal checkbook to pay all personal bills as directed. Defendant was also granted access to a signature stamp for Patrick H. Patterson for purposes of effectuating these authorized payments. In her capacity as the Plaintiffs' administrative assistant and agent, Defendant was also provided with a laptop computer to assist her in transacting business with the Plaintiffs' customers, vendors and personal creditors in Alabama, Arizona, California, Delaware, Florida, Georgia, Illinois, Iowa, Kentucky, Maryland, Minnesota, Missouri, Nebraska, Nevada, New Jersey, North Carolina, Ohio, Pennsylvania, Tennessee, Texas, Virginia and Wisconsin. Among other things, Defendant utilized Plaintiffs' laptop computer to engage in e-mail communications and on-line remittance and transfer of funds in interstate commerce.

***Initial Discovery of Defendant's Misuse of the Plaintiffs' Funds***

11. In late 2006, the Plaintiffs initially discovered that the Defendant had utilized the Plaintiffs' funds and Patrick H. Patterson's signature stamp to improperly pay herself additional wages and to pay certain personal expenses she had incurred at Sam's Club.

12. When Patrick H. Patterson confronted the Defendant with the fact that the Plaintiffs had discovered that the Defendant had utilized the Plaintiffs' funds to make these improper payments, the Defendant acknowledged that she had done so, and agreed to make restitution.

13. Contemporaneous with her admission and payment of restitution, Defendant represented to Plaintiffs that her misuse of the Plaintiffs' funds had been necessitated by exigent circumstances, and that her misconduct had been limited to $3,850.65.

14. On January 17, 2007, Defendant wrote Patrick H. Patterson a check in the amount of $964.15 in reimbursement for the check she had written to Sam's Club on December 12, 2006, and, on January 21, 2007, Defendant wrote Patrick H. Patterson a check in the amount of $2,886.50 to reimburse the wages she had improperly paid to herself.

15. Thereafter, the Plaintiffs discovered that the Defendant's misuse of the Plaintiffs' funds, and other related misconduct had been far more extensive than the Defendant had represented, and that the Defendant had been engaging in a pattern of conduct to conceal her activities.

16. For example, the Plaintiffs discovered that the Defendant utilized Patrick H. Patterson's signature stamp to write fifteen checks to "cash" from the Patrick Patterson Custom Homes, Inc.'s checking account between June 29, 2005, and June 19, 2006, totaling more than $13,000.00, which she endorsed and cashed. Check No. 09110, dated May 10, 2006, in the amount of $700.00, was cashed by the Defendant while she was on vacation between May 5, and May 15, 2006.

17. Plaintiffs also discovered evidence of electronic fund transfers directly from the Plaintiffs' accounts to the Defendant and/or her creditors, including Sam's Club and Wells Fargo Financial, that Defendant had paid additional personal creditors utilizing Patrick H. Patterson's signature stamp and the Plaintiffs' checking accounts, and that Plaintiff had paid herself additional amounts utilizing Patrick H. Patterson's signature stamp and the Plaintiffs' checking accounts.

***Defendants' Concealment of Her Misconduct***

18. On or about February 21, 2007, Alicia Patterson noticed the Defendant attempting to take out a bag of "garbage." Because of what had occurred previously and because this conduct was extremely atypical for the Defendant, Alicia Patterson advised the Defendant to leave the garbage and told the Defendant that she would carry it out to the curb for pick up. Despite agreeing to do so, Alicia Patterson subsequently observed the Defendant take the "garbage" bag out and deposit it in the garbage receptacle as she departed for the day.

19. Thereafter, Alicia Patterson caused the garbage bag to be retrieved from the receptacle, and reviewed the contents. At that time, Alicia Patterson observed duplicate bank statements and copies of checks with white-out to obscure the memo notations.

20. Thereafter, the Plaintiffs obtained additional copies of their bank statements, and observed that the memo entries on various checks had white-out on the copies of the bank statements and checks maintained by Defendant at 402 Butterfield Road, Libertyville, Illinois, to conceal her use of these checks for her personal expenditures.

21. For example, Plaintiffs discovered that, on June 9, 2005, Defendant wrote Check No. 7651 in the amount of $2,197.52 out of Patrick and Alicia Patterson's personal checking account at First Midwest Bank to pay Defendant's own personal Citi Financial Retail account. Defendant wrote her account number in the memo line on the original check, but whited-out the account number on the statement the Plaintiffs received from First Midwest Bank.

22. Similarly, Plaintiffs discovered that, on October 28, 2005, Defendant wrote Check No. 7741 in the amount of $2,945.54 out of Patrick and Alicia Patterson's personal checking account at First Midwest Bank to pay Defendant's own personal United Mileage credit

card account. Defendant wrote her account number in the memo line on the original check, but whited-out the account number on the statement the Plaintiffs received from First Midwest Bank, and wrote Alicia Patterson's account number in its place.

23. Additionally, Plaintiffs reviewed surveillance tapes created by a home security camera, and observed the Defendant removing boxes of documents, and placing them in the trunk of her automobile.

24. Additionally, Defendant deleted various files from the laptop computer which she was provided with to maintain the Plaintiffs' financial and business records, and caused a "shredding" software to be installed on the laptop computer to destroy the computer files and render them unrecoverable.

25. As a result of the Defendants misconduct in attempting to conceal her improper activities, Plaintiffs have been required to expend substantial funds, in excess of five thousand dollars, trying to retrieve their deleted and destroyed financial records, including retaining computer forensic experts to attempt to restore the deleted files on the laptop computer assigned to the Defendant, ordering duplicate financial records from various financial institutions, and retaining an accountant to attempt to reconstruct their financial information.

**Count I**

(Violation of Computer Fraud and Abuse Act, 18 U.S.C. § 1030)

26. Pursuant to Federal Rule of Civil Procedure 10(c), Plaintiffs allege and incorporate by reference each of their allegations in Paragraphs 1 through 25 above as though fully set forth herein.

27. As described in Paragraphs 2, 3 and 10, Plaintiffs provided Defendant with a protected computer to utilize in interstate commerce within the meaning of Section 1030(e)(2)(B) of the Computer Fraud and Abuse Act ("the Act"). Defendant's duty of loyalty to the Plaintiffs precluded her from deleting files from her protected laptop computer which would allow Plaintiffs to properly track their finances and permit the Plaintiffs to identify Defendants' misconduct while she was still Plaintiffs' agent and employee.

28. In the Spring of 2007, Defendant intentionally accessed Plaintiffs' protected computer in a manner which exceeded her authorization, and intentionally, recklessly or otherwise caused damage, including the permanent deletion and shredding of substantial files, in violation of Section 1030(a)(5)(A) of the Act.

29. Defendant's prior undisclosed breach of her duty of loyalty as Plaintiffs' agent and employee, including her undisclosed misappropriation of Plaintiffs' funds and concealment of her activities, rendered her continued access to the laptop computer without authorization.

30. As a proximate result of Defendant's conduct, Plaintiffs have suffered damages and loss in excess of five thousand ($5,000.00) dollars as defined by Section 1030(a)(5)(B)(i) of the Act.

WHEREFORE, Plaintiffs requests this Honorable Court to enter judgment in favor of Plaintiffs and against Defendant:

A. For compensatory damages in Plaintiffs' favor and against Defendant in an amount sufficient to compensate Plaintiffs for the actual economic damages which they have sustained pursuant to 18 U.S.C. § 1030(g);

B. For such other, further and additional relief as the Court deems just.

**Count II**

(Common Law Fraud)

31. Pursuant to Federal Rule of Civil Procedure 10(c), Plaintiffs re-allege and incorporate by reference each of their allegations in Paragraphs 1 through 25 above as though fully set forth herein.

32. Throughout the time that she served as Plaintiffs agent and employee, Defendant owed the Plaintiffs a duty of fidelity and loyalty.

33. The intentional omission or concealment of a material fact may be the basis of a fraud action when such a relationship exists and gives rise to the duty to speak.

34. Despite her duty of fidelity and loyalty here, Defendant failed to disclose the full scope of her wrongful activities to Plaintiffs, and, indeed, intentionally misrepresented the true scope of her activities and concealed her activities from Plaintiffs, in order to maintain her position and prolong her improper activities.

35. Plaintiffs relied upon Defendant's misrepresentations, failure to disclose, and concealment of, her improper activities, and allowed Defendant to continue as their agent and employee.

36. As a proximate result of Defendant's fraudulent conduct, Plaintiffs have suffered substantial pecuniary losses in an amount they are unable, due to the Defendant's conduct, to accurately determine at this time. Upon information and belief, however, Defendant's actions have caused the Plaintiffs to sustain actual economic damages in excess of one hundred thousand dollars.

37. Defendant's actions have been wilful and deliberate, intentional and malicious.

38. Punitive damages are appropriate to punish and deter Defendant's fraudulent conduct.

39. Additionally, Defendant forfeited her right to compensation during the period when her misconduct occurred.

WHEREFORE, Plaintiffs requests this Honorable Court to enter judgment in favor of Plaintiffs and against Defendant:

A. For compensatory damages in Plaintiffs favor and against Defendant in an amount sufficient to compensate Plaintiffs for the actual damages which they have sustained as a result of Defendants' conduct;

B. For punitive damages in an amount sufficient to act as retribution against Defendant, to deter Defendant from committing similar wrongs in the future, and to deter others from similar conduct;

C. For disgorgement of the compensation Defendant received from the Plaintiffs during the period that Defendant was engaging in fraudulent activities directed toward the Plaintiffs; and

D. For such other, further and additional relief as the Court deems just.

**Count III**

(Breach of Duty of Loyalty)

40. Pursuant to Federal Rule of Civil Procedure 10(c), Plaintiffs re-allege and incorporate by reference each of their allegations in Paragraphs 1 through 25 above as though fully set forth herein.

41. Throughout the time that she served as Plaintiffs agent and employee, Defendant owed the Plaintiffs a duty of fidelity and loyalty.

42. Defendant's duty of fidelity and loyalty to Plaintiffs precluded her from taking Plaintiffs funds to which she was not entitled, falsifying and destroying Plaintiffs records to conceal her misappropriation of funds, and otherwise exploiting her position for her own personal benefit.

43. Defendant breached her duty of loyalty and fidelity to Plaintiffs by utilizing Plaintiffs funds to pay for her personal expenses and those of her family members, by falsifying and destroying Plaintiffs records to conceal her misappropriation of funds, and by otherwise exploiting her position for her own personal benefit.

44. As a proximate result of Defendant's foregoing breach of her duty of loyalty and fidelity, Plaintiffs have suffered substantial pecuniary losses in an amount as yet to be determined. Upon information and belief, however, Defendant's actions have caused the Plaintiffs to sustain actual economic damages in excess of one hundred thousand dollars.

45. Defendant's actions have been intentional and malicious. Defendant has acted in deliberate disregard of the duties that she owed to Plaintiffs.

46. Punitive damages are appropriate to punish and deter Defendant's intentional breach of her duty of loyalty and fidelity.

WHEREFORE, Plaintiffs request this Honorable Court to enter judgment in their favor, and against Defendant:

      A.      For compensatory damages in Plaintiffs favor and against Defendant in an amount sufficient to compensate Plaintiffs for the actual damages which they have sustained as a result of Defendant's conduct;

      B.      Directing Defendant to disgorge and repay Plaintiffs all compensation which she received from Plaintiffs during the period that she was breaching her duty of loyalty and fidelity to Plaintiffs;

      C.      For punitive damages in an amount sufficient to act as retribution against Defendant, to deter Defendant from committing similar wrongs in the future, and to deter others from similar conduct; and

      D.      For such other, further and additional relief as the Court deems just.

JURY DEMAND: Plaintiffs request a trial by jury with respect to all claims set forth herein.

Dated: July 14, 2008

                                            Respectfully submitted,

                                            s/ Daniel P. Hogan
                                            One of the Attorneys for Plaintiff.

Attorney No. 6182808
Daniel P. Hogan
McCabe & Hogan, P.C.
19 South Bothwell Street, Suite 200
Palatine, IL 60067
Telephone: 847-359-6100
Facsimile: 847-359-6105
E-mail: dhogan@mccabehogan.com

CERTIFICATE OF SERVICE

I, Daniel P. Hogan, an attorney, certify that service of Plaintiff's Amended Complaint on Defendant's counsel was accomplished pursuant to ECF.

s/ Daniel P. Hogan
Daniel P. Hogan