IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICK PATTERSON CUSTOM HOMES, INC., et al. | )<br>)<br>) |
| Plaintiffs, | ) Case No. 07 C 7204<br>) |
| v. | ) Judge George M. Marovich<br>) |
| KATHLEEN M. BACH | ) Magistrate Judge Denlow<br>) |
| Defendant. | ) |

### DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

NOW COMES the Defendant, KATHLEEN M. BACH ("Bach"), by and through her attorneys, MATUSZEWICH, KELLY & MCKEEVER, LLP, and for her Motion to Dismiss the Amended Complaint of Patrick Patterson Custom Homes, et al. ("Plaintiffs") pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 8, states the following:

### I.   INTRODUCTION

Plaintiffs' Three Count Amended Complaint stems from a business relationship. Plaintiff Patrick Patterson is President of Patrick Patterson Custom Homes, Inc. and Patrick Patterson Development, Inc. Plaintiff Alicia Patterson is Patrick Patterson's wife. Bach was employed by Patrick Patterson Custom Homes, Inc. Plaintiffs' allegations against Bach are for: (1) violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030; (2) common law fraud; and (3) breach of duty of loyalty. Bach now seeks dismissal of all Counts of the Amended Complaint.

Plaintiffs have made few changes to the Complaint filed on December 22, 2007. Paragraphs 1 and 2 now state that the Plaintiffs conduct business in Illinois and

Wisconsin. (Amended Complaint ¶¶ 1 and 2)  Paragraph 10 states that Plaintiffs have vendors and creditors in various States.  (Amended Complaint ¶ 10)  Paragraph 28 includes a citation to section 1030(a)(5)(A) of the CFAA, 18 U.S.C. § 1030. (Amended Complaint ¶ 28)

## II.   ARGUMENT

### A.   STANDARD OF REVIEW

A Motion to Dismiss based on Federal Rule of Civil Procedure 12(b)(6) to tests the sufficiency of a complaint. *Johnson v Rivera,* 272 F.3d 519, 520-21 (7th Cir. 2001). The reviewing Court must accept all factual allegations in a complaint as true when evaluating whether to grant a Rule 12(b)(6) Motion to Dismiss. *Jang v A.M. Miller & Assocs.,* 122 F. 3d 480, 483 (7th Cir. 1997). If "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," the Motion to Dismiss should be granted. *Hishon v King & Spaulding,* 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984).

A Motion to Dismiss based on Federal Rule of Civil Procedure 12(b)(1) is used to dismiss claims over which a federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon a federal court. *In re Chicago, Rock Island & Pac. R.R. Co.,* 794 F.2d 1182, 1188 (7th Cir.1986). The plaintiff bears the burden of establishing that the jurisdictional requirements have been met. *Kontos v United States Dep't of Labor,* 826 F.2d 573, 576 (7th Cir.1987). When a defendant moves for dismissal pursuant to Rule 12(b)(1), the plaintiff must support its allegations with competent proof of jurisdictional facts. *Thomson v Gaskillwsa,* 315 U.S. 442, 446 (1942).

## B.  COUNT I

### 1.  INTRODUCTION

Count I of the Amended Complaint must be dismissed pursuant to Rule 12(b)(6) because, even taking all the facts alleged as true, Plaintiffs have failed to state facts that would allow relief under 18 U.S.C. § 1030(g). Although the CFAA is more commonly considered a criminal statute, §1030(g) provides for a civil right of action. *Hasan v Foley & Lardner, LLP*, 2007 WL 2225831, at 4 (N.D. Ill. July 26, 2007). To maintain a civil action under the CFAA, a complainant must allege conduct that "involves 1 of the factors set forth in clause (i), (ii), (iii), (iv) or (v) of subsection (a)(5)(B)." 18 U.S.C. § 1030(g). Subsection (a)(5)(B) provides that the conduct of a violator of the CFAA must cause:

> **(i)** loss to 1 or more persons during any 1-year period (and, for purposes of an investigation, prosecution, or other proceeding brought by the United States only, loss resulting from a related course of conduct affecting 1 or more other protected computers) aggregating at least $5,000 in value;
>
> **(ii)** the modification or impairment, or potential modification or impairment, of the medical examination, diagnosis, treatment, or care of 1 or more individuals;
>
> **(iii)** physical injury to any person;
>
> **(iv)** a threat to public health or safety; or
>
> **(v)** damage affecting a computer system used by or for a government entity in furtherance of the administration of justice, national defense, or national security.

Subsection (a)(5)(B) lists the five harms that must be alleged in order to maintain a civil action under the CFAA; the actions that give rise to the harms listed in the subsection are enumerated in subsections (a)(1), (a)(2), (a)(3), (a)(4) and (a)(5)(A). 18 U.S.C. § 1030(a)(1) through (a)(5)(A), *see also Charles Schwab & Co. v Carter*, 2005 WL

351929 at 3 (N.D. Ill. Feb. 11, 2005)( "*Schwab I*"). Plaintiffs have failed to state which section Bach has violated, so each section will be addressed.

### 2.  STATUTORY INTERPRETATION

Plaintiffs have failed to state any facts that, even if construed as true, could prove Bach violated the CFAA. In *Schwab I*, the court found that the language of the CFAA was unambiguous. *Schwab I, supra,* at 3. According to the *Schwab* court, "the cardinal rule of statutory interpretation is that courts must first look to the language of the statute and assume that its plain meaning accurately expresses the legislative purpose." *Id.*, citing *United State v Miscellaneous Firearms, Explosives, Destructive Devices and Ammunitions,* 376 F.3d 709, 712 (7th Cir. 2004). The *Schwab* court further noted that "[w]here the meaning of a statute is unambiguous, our sole task is to apply it straightforwardly to the facts at issue without reference to legislative history or other devise." *Schwab I, supra*, at 3, citing *United States v Jones,* 372 F.3d 910, 913 (7th Cir. 2004). The meaning of the language in the CFAA is unambiguous when applied to the case at bar.

### 3.  ACCESS TO A PROTECTED COMPUTER

To show that a person violated the CFAA, a plaintiff must state facts that prove the person damaged a "protected computer." *Kathrein v McGrath,* 2006 WL 287433, at 5 (C.A. Ill. Feb. 7, 2006). A "protected computer" is defined as both a computer used "exclusively for the use of a financial institution or the United States Government" and a computer used "in interstate or foreign commerce or communication." 18 U.S.C. § 1030 (e)(2)(A) & (B). The minimal facts alleged by Plaintiffs do not show Bach accessed a protected computer.

### a. Subsections (a)(2)(C), (a)(4) and (a)(5)(i)-(iii)

Subsections (a)(2)(C), (a)(4), (a)(5)(i), (a)(5)(ii), and (a)(5)(iii) specifically enumerate the requirement that a plaintiff allege a defendant accessed a "protected computer" to maintain a cause of action under the CFAA. 18 U.S.C. § 1030 (a)(2)(C), (a)(4) and (a)(5)(i)-(iii). Plaintiffs have failed to allege that the computer Bach was permitted to access was used exclusively by a financial institution. Further, Plaintiffs have failed to allege that the computer Bach was permitted to access was used in interstate or foreign commerce or communication. Plaintiffs have failed to allege that the computer Bach was permitted to access was used by the United States Government. Based on the CFAA definition of a protected computer, Plaintiffs have failed to allege any facts that could prove Bach violated 18 U.S.C. § 1030.

### b. Subsection (a)(2)(A)

Subsection (a)(2)(A) states that a violation of the CFAA occurs when a person intentionally accesses information "contained in a financial record of a financial institution," without authorization or by exceeding their authorized access. 18 U.S.C. § 1030(a)(2)(A). Plaintiffs have failed to allege that the computer to which Bach was granted access belonged to a financial institution and they have failed to allege Bach was able to access financial records.

In another *Schwab* case, the court found that to state a cause of action which alleges a party acted in violation of CFAA subsection 1030(a)(2)(A), the plaintiff must allege that the liable party accessed a "financial record" from a "financial institution." *Charles Schwab & Co., Inc. v Carter*, 2005 WL 2369815, at 7 (N.D. Ill. Sept. 27, 2005) ("Schwab II"). According to the CFAA, a "financial institution" includes institutions such

as the Federal Reserve, credit unions, loan depositories, broker-dealers, and branches of foreign banks. 18 U.S.C. §1030(e)(4)(A) through (I). Plaintiffs merely allege that Bach was granted access to a computer belonging to a "construction business" which was operated out of the Patterson's home. Amended Complaint ¶ 8, pg. 2. Plaintiffs have not alleged that they are a financial institution, and therefore, have not alleged sufficient facts to allege Bach violated subsection (a)(2)(A) of the CFAA.

Moreover, Plaintiffs have failed to state any facts alleging Bach accessed financial records. The CFAA defines financial records as "information derived from any record held by a financial institution pertaining to a customer's relationship with the financial institution." 18 U.S.C. §1030(e)(5). Plaintiffs allege that Bach accessed computer files that "would allow Plaintiffs to properly track their finances." Amended Complaint ¶ 27, pg. 7. The Amended Complaint does not, however, allege that the records maintained on the Plaintiffs' computer were derived from a record held by a financial institution. Further, there are no allegations Bach accessed records that pertain to a financial institution's relationship with the Plaintiffs. Plaintiffs have failed to allege facts that sustain a cause of action for violations of the CFAA based on subsection (a)(2)(A).

    **c.    Subsection (a)(2)(C)**

Even construing all facts in the Amended Complaint as true, Plaintiffs have failed to state facts that could prove Bach violated section (a)(2)(C). Section (a)(2)(C) clearly states that the alleged conduct of the violator must involve "an interstate or foreign communication." 18 U.S.C. § 1030(a)(2)(C). In *Schwab II,* the court found that to maintain a cause of action under CFAA subsection (a)(2)(C), a plaintiff must allege facts

that show that the defendant's actions involved interstate or foreign communications. *Schwab II, supra,* at 8. Similarly, in *C.H. Robinson Worldwide, Inc. v Command Transportation LLC,* the court held that accessing an interstate computer network involved interstate commerce. *C.H. Robinson Worldwide, Inc. v Command Transportation LLC*, 2005 WL 3077998, at 4 (N. D. Ill. Nov. 16, 2005). The minimal facts alleged by Plaintiffs ultimately do not show Bach accessed a protected computer. Plaintiffs have stated only that Bach accessed a computer that was related to Plaintiffs' construction business in Plaintiffs' Libertyville Illinois home. Amended Complaint ¶ 8, pg. 2. Although Plaintiffs now claim they are in the business of constructing homes in Illinois and Wisconsin, they still fail to allege how Bach's alleged conduct with regard to the "protected computer" involved interstate commerce.

Further, although Plaintiffs now allege that they have vendors and creditors in different States, they still fail to allege how Bach's alleged conduct with regard to the "protected computer" involved interstate commerce. Amended Complaint ¶ 10, pg. 2-3. Plaintiffs allege they have an internet connection which allows them to communicate with vendors and creditors outside Illinois; they have not alleged facts that would show Bach's conduct with regard to the "protected computer" was connected to interstate or foreign communications. This case is distinguishable from cases like *Schwab II* and *C.H. Robinson Worldwide, Inc. v Command Transportation LLC* where a defendant destroyed many computer files of a national corporation contained on a multi-state computer network. Bach allegedly wrote bad checks to her personal creditors from Plaintiffs' corporate accounts, and thereafter altered hardcopy records by editing and printing the records from Plaintiffs' computers. Plaintiffs are asking this Court to expand

the definition of "protected computer" and the scope of the CFAA to include any computer with internet access and email capability. The legislature did not intend this expansive use of the term "protected computer" or such a definition would have been included in the statute. The expansion of the definition of "protected computer" promulgated in cases like *Schwab II* and *C.H. Robinson Worldwide, Inc. v Command Transportation LLC* did not include scenarios like the one suggested by Plaintiffs in the Amended Complaint. Since Plaintiffs have failed to state sufficient facts to allege their computer and Bach's actions were involved in interstate commerce, this Amended Complaint should be dismissed with prejudice.

### d.     Subsections (a)(1), (a)(2)(B) and (a)(3)

The language in subsection (a)(1) of the CFAA indicates that a violation of the Act occurs when a person obtains information through a computer "that has been determined by the United States Government pursuant to Executive order or statute to require protection against unauthorized disclosure for reasons of national defense or foreign relations..." 18 U.S.C. § 1030(a)(1). Plaintiffs have not alleged that Bach accessed information that is protected by an Executive order or statute; Plaintiffs have not alleged that Bach accessed information that is a threat to national defense or foreign relations. Thus, taking all facts in the Amended Complaint as true, Plaintiffs have failed to allege facts that Bach violated 18 U.S.C. § 1030(a)(1).

Moreover, sections (a)(2)(B) and (a)(3) require that an alleged liable party access a computer belonging to a department or agency of the United States. 18 U.S.C. § 1030(a)(2)(B) and (a)(3). Plaintiffs have failed to state any facts that would link their

construction business to a department or agency of the United States. Thus, Plaintiffs have failed to state facts that could prove Bach violated sections (a)(2)(B) and (a)(3).

### 4. LOSS

To maintain a claim for relief under the CFAA, a plaintiff must allege he has suffered one of the five losses in subsection (a)(5)(B). See Defendant's Motion to Dismiss, *supra,* at (II)(B)(1). Plaintiffs have failed to allege they have suffered losses. The CFAA defines loss as the "cost of investigating or remedying damage to a computer, or a cost incurred because the computer's service was interrupted." *Hasan, supra,* at 5, citing *Nexans Wires S.A. v Sark-USA, Inc.,* 319 F. Supp. 2d 468, 475 (S.D.N.Y. 2004). The costs referred to must be related to the computer system itself. *Id.* The Supreme Court recently clarified a claim for relief that properly pleads loss and stated that a plaintiff must "provide the 'grounds' of his 'entitle[ment] to relief' [with] more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Garelli Wong & Associates, Inc. v Nichols,* 2008 WL 161790, at 7 (N.D. Ill. 2008), citing *Bell Atlantic Corp. v Twombly,* 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). In this case, Plaintiffs merely recite the requirements listed in subsection (a)(5)(B)(i) of the CFAA. Amended Complaint ¶ 25, pg. 6. Plaintiffs also state losses that are not related to a computer system, i.e. "retaining an accountant." *Id.* Because Plaintiffs have failed to specify with sufficient particularity the bases upon which they bring their claim for relief under the CFAA, the Amended Complaint should be dismissed.

### C.      SUBJECT MATTER JURISDICTION

Since Plaintiffs have failed to allege facts that could prove Bach violated 18 U.S.C. § 1030, Plaintiffs have failed to state a claim that would confer subject matter jurisdiction on a federal court over Counts II and III. Plaintiff bears the burden of stating facts that show a federal court should exercise subject matter jurisdiction. *Garelli Wong & Associates, Inc.* at 4, *citing Kontos, supra.* If Count I is dismissed, this Court should not continue to exercise jurisdiction over the matter because "the general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pending state-law claims rather than resolving them on their merits." *Kennedy v. Schoenberg, Fisher & Newman, Ltd.,* 140 F.3d 716, 727 (7th Cir. 1998). Plaintiffs have stated no facts that would confer continuing subject matter jurisdiction on a federal court if the count based on federal law is dismissed. Amended Complaint ¶ 6, pg. 2. Therefore, since Count I fails and should be dismissed, and no facts have been alleged that show this Court should continue to exercise subject matter jurisdiction over Counts II and III, the Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, with prejudice.

### D.      COUNT II

#### 1.      SEPARATE LEGAL THEORIES

Count II should be stricken for failing to comply with Federal Rule of Civil Procedure 10(b). Although multiple claims may arise from a single transaction or occurrence, Federal Rule of Civil Procedure 10(b) provides that claims based on separate legal theories must be stated in separate counts. *See Selep v City of Chicago,* 842 F. Supp. 1068 (N.D. Ill. 1993). Specifically, Rule 10(b) states, "If doing so would

promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense." FRCP 10(b). Illinois recognizes multiple causes of action for common law fraud, including a cause called "common law fraud," and other forms like fraudulent misrepresentation and fraudulent concealment. *Wernikoff v Health Care Service Corporation*, 376 Ill. App. 3d 228, 233, 877 N.E. 2d 11, 16 (1st Dist. 2007); *Hirsch v Feuer*, 299 Ill. App. 3d 1076, 1085, 702 N.E. 2d 265, 272 (1st Dist. 1998). Plaintiffs failed to give Bach notice of which form of common law fraud they intend to accuse her of violating. Since Plaintiffs did not separate the theories of liability available for common law fraud, this Court should strike Count II.

## 2. COMMON LAW FRAUD

Plaintiffs have failed to allege sufficient facts to maintain a cause of action against Bach for common law fraud. The elements of common law fraud are (1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce plaintiff to act; (4) the plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages from reliance on the statement. *Time Savers, Inc. v LaSalle Bank, N.A.*, 371 Ill. App. 3d 759, 771, 863 N.E. 2d 1156, 1167 (2d Dist. 2007), see also *Connick v Suzuki Motor Co.*, 174 Ill.2d 482, 496, 675 N.E. 2d 584 (1996). According to Rule 9(b), "[i]n all averments of fraud or mistake the circumstances constituting the fraud or mistake shall be stated with particularity." F.R.C.P. 9(b). A complaint for common law fraud must allege facts from which fraud may be inferred, with specificity and particularity, including what misrepresentations were made, when they were made, who made the

misrepresentations and to whom they were made. *Strohmaier v Yemm Chevrolet*, 211 F.Supp.2d 1036, 1044 (N.D. Ill. 2001), citing *Bankers Trust Co. v Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir.1992). Plaintiffs have failed to allege any facts with sufficient particularity upon which fraud may be inferred in conformity with Rule 9(b). Therefore, Count II should be dismissed pursuant to 12(b)(6) because it fails to allege any facts that would permit the relief sought.

### 3. FRAUDULENT MISREPRESENTATION

Plaintiffs have failed to allege sufficient facts to maintain a cause of action against Bach for fraudulent misrepresentation. The elements of fraudulent misrepresentation are: "(1) a false state of material fact; (2) known or believed to be false by the party stating it; (3) intent to induce the other party to act; (4) action in reliance by the other party; and (5) damages as a result of that reliance." *Hirsch, supra,* at 272, 1085. Just like common law fraud, a high standard of specificity is required to maintain a cause of action for fraudulent misrepresentation, including "specific allegations of facts from which fraud is the necessary and probable inference, including what representations were made, when they were made, who made the misrepresentations and to whom they were made." *Id.* citing *Board of Education v A, C & S, Inc.*, 131 Ill. 2d 428, 457, 546 N.E. 2d 580 (1989). Because Plaintiffs have not met the specificity requirements to maintain an action for fraudulent misrepresentation, Count II should be dismissed pursuant to 12(b)(6).

### 4. FRAUDULENT CONCEALMENT

Moreover, Plaintiffs have failed to allege sufficient facts to state a cause of action against Bach for fraudulent concealment. To state a proper claim for fraudulent

concealment, a plaintiff must allege "(1) the concealment of a material fact; (2) the concealment was intended to induce a false belief, under circumstances creating a duty to speak; (3) the innocent party could not have discovered the truth through a reasonable inquiry or inspection, or was prevented from making a reasonable inquiry or inspection, and relied upon the silence as a representation that the fact did not exist; (4) the concealed information was such that the injured party would have acted differently had he been aware of it; and (5) that reliance by the person from whom the fact was concealed led to his injury". *Stewart v Thrasher,* 242 Ill.App.3d 10, 16, 610 N.E.2d 799 (1993). An allegation of silence alone is not sufficient to maintain a cause of action for fraudulent concealment. *Hirsch, supra,* at 273, 1086, citing *Heider v Leewards Creative Crafts, Inc.,* 245 Ill. App. 3d 258, 264-265, 613 N.E. 2d 805 (1993). A plaintiff must further demonstrate justifiable reliance, as well as the existence of "a special or fiduciary relationship" giving rise to a duty to convey accurate information. *Neptuno Treuhand-Und Verwaltungsgesellschaft Mbh v Arbor,* 295 Ill.App.3d 567, 569-70, 692 N.E.2d 812 (1998). A cause of action for fraudulent concealment must be pleaded according to the same standards for specificity and particularity for the other forms of common law fraud. *Hirsch, supra,* at 1086-1087, 273. Plaintiffs have failed to point to specific false representations so as to fairly apprise Bach of the claims against her. Therefore, Count II should be dismissed for failing to state facts upon which relief could be granted pursuant to 12(b)(6).

### E.    COUNT III

If Plaintiffs are allowed to proceed on their claim for relief enumerated in Count II, Count III should be stricken for being redundant pursuant to Rule (8). According to Rule 8(a), a claim for relief must:

> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

However, repetitious or redundant claims are subject to being stricken pursuant to Rule (8)(a) since they are neither short nor plain statements. *Krawczyk v Re*, 37 F.Supp.2d 1106, 1108-1109 (N.D. Ill. 1999). Specifically, the *Krawczyk* court stated, "[o]ne set of facts producing one injury creates one claim for relief, no matter how many laws the deeds violate." *Id.* Further, the Illinois Supreme Court has also held that claims arising out of the same operative facts and resulting in the same injury to a plaintiff should be dismissed as duplicative. *Neade v Portes*, 193 Ill. 2d 433, 440, 739 N.E. 2d 496, 501 (Ill. 2000)(holding that a claim for breach of fiduciary duty should be dismissed as duplicative where claims for negligence and medical malpractice had been made). Breach of a duty is an element of common law fraud. Moreover, Counts II and III of Plaintiff's Amended Complaint are based on the same set of facts and pray for the same exact forms of relief. Therefore, if Count II is permitted, Count III should be dismissed pursuant to Rule (8) since it is duplicative, redundant, and repetitious.

### III. CONCLUSION

WHEREFORE Defendant KATHLEEN M. BACH respectfully requests that this Court:

1) Grant Bach's Motion to Dismiss Counts I, II and III;

2) Grant Bach's Motion to Dismiss the Amended Complaint for lack of subject matter jurisdiction;

3) Order Plaintiff pay for the costs of defending this lawsuit; and

4) Grant any further relief this Court deems just and equitable.

Respectfully Submitted,

By: /s/Maryann M. Bullion
　　One of Her Attorneys

James P. Kelly
Maura K. McKeever
Maryann M. Bullion
MATUSZEWICH, KELLY & McKEEVER, LLP
453 Coventry Lane, Suite 104
Crystal Lake, Illinois 60014
(815) 459-3120 Telephone
(815) 459-3123 Facsimile