UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICK PATTERSON CUSTOM HOMES, INC., PATRICK PATTERSON DEVELOPMENT, INC., PATRICK H. PATTERSON and ALICIA PATTERSON,<br><br>Plaintiffs<br><br>v.<br><br>KATHLEEN M. BACH,<br><br>Defendant | Case No. 07 C 7204<br><br>Judge George M. Marovich<br><br>Magistrate Judge Denlow |

## JOINT STATUS REPORT

Plaintiffs, Patrick Patterson Custom Homes, Inc., Patrick Patterson Development, Inc., Patrick H. Patterson and Alicia Patterson, and Defendant, Kathleen M. Bach, by and through their attorneys hereby submit the instant Joint Status Report pursuant to Judge Marovich's standing order:

**A.   The date and time this matter is set for a status hearing before the Court.**

September 16, 2008, at 11:00 a.m.

**B.   The attorneys of record for each party, indicating which attorney is expected to try the case.**

Daniel P. Hogan from McCabe & Hogan, P.C. is expected to be trial counsel for the Plaintiff.

James P. Kelly is expected to be trial counsel for the Defendant. The Defendant is also represented by Maryann M. Bullion and Maura M. McKeever of Matuszewich, Kelly & McKeever, LLP

C. **The basis of federal jurisdiction.**

Plaintiff contends that this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1830(g) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). Defendant denies this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1830(g) and therefore denies this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

D. **Whether a jury has been requested and by which party.**

Plaintiffs demanded a jury.

E. **A brief statement of the nature of the case including:**

1. **The major factual and legal issues in agreement, and**

2. **The major factual and legal issues in dispute.**

Plaintiffs have asserted claims against the Defendant, an ex-employee, arising out of her alleged embezzlement of various corporate and personal funds. Plaintiff's claims include violation of Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("the Act"), common law fraud and breach of duty of loyalty. The major factual and legal disputes center upon the extent of her alleged theft and whether she engaged in conduct in violation of the Act.

F. **The relief sought by any party, including computation of damages, if available.**

Plaintiff seeks compensatory and punitive damages against the Defendant. Plaintiffs have not completed a computation of damages.

G. **The name of any party who or which has not been served, and any relevant facts or circumstances related to service of process on such party.**

All parties have been served.

H.  **A brief description of all anticipated motions.**

Defendant has filed a renewed motion to dismiss based upon the alleged inapplicability of the Act, and has indicated that she intends to file a summary judgment motion attacking the application of the Act in the event that the renewed motion to dismiss is denied.

I.  **A proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), including a brief description of what discovery has been taken, if any, what remains to be taken, a schedule for expert designations and discovery, and a proposed discovery cutoff. Unless other ordered, Rule 26(a)(1) does not apply.**

No discovery has been undertaken. The parties propose the following discovery schedule:

Forty-five days from ruling on the motion to dismiss to complete written discovery.

Ninety days from ruling on the motion to dismiss to complete oral non-expert discovery.

One hundred and twenty days from ruling on the motion to dismiss for Plaintiff to disclose experts.

One hundred and fifty days from ruling on the motion to dismiss for Defendant to disclose experts.

J.  **The earliest date the parties would be ready for trial and the probable length of trial.**

Six months from ruling on the motion to dismiss. The trial length is uncertain since discovery has yet not begun.

K.  **The status of any settlement discussions and whether a settlement conference with the Court would be useful.**

The parties have had preliminary settlement discussions. At this juncture, without discovery, a settlement conference with the Court would likely not be useful.

3

**L.    Whether the parties will consent to trial before a magistrate judge.**

Plaintiffs would consent to trial before Magistrate Judge Denlow.

Defendant would consent to trial before Magistrate Judge Denlow.

Dated: September 10, 2008

Respectfully submitted,

s/ Daniel P. Hogan
One of the Attorneys for Plaintiff.
Attorney No. 6182808
Daniel P. Hogan
McCabe & Hogan, P.C.
19 South Bothwell Street, Suite 200
Palatine, IL 60067
Telephone: 847-359-6100
Facsimile: 847-359-6105
E-mail: dhogan@mccabehogan.com


MATUSZEWICH, KELLY & MCKEEVER, LLP

By: Maryann M. Bullion
Attorney for the Defendant

4

CERTIFICATE OF SERVICE

I, Daniel P. Hogan, an attorney, certify that service of the parties' JOINT STATUS on Defendants' counsel was accomplished pursuant to ECF.

s/ Daniel P. Hogan
Daniel P. Hogan